[No. 34419. *En Banc.* November 19, 1959.]

*In the Matter of the Application of* AGNES MONROE *for a Writ of Habeas Corpus.*[1]

*J. Hugh Aaron,* for petitioner.

*The Attorney General and Michael R. Alfieri, Assistant,* for respondent.

[1]Reported in 346 P. (2d) 667.

WEAVER, C. J.—Agnes Monroe was charged with the crime of "Aiding and Abetting the Commission of Grand Larceny" in Yakima county.

At her arraignment, she told the trial court, in answer to its questions, that she was a member of the Blackfoot tribe. The trial court was also advised that the offense was committed in Wapato, which, it would know, was within the Yakima Indian reservation.

She expressly waived counsel and entered a plea of guilty; was adjudged guilty; and sentenced to the state penitentiary for a period of not more than fifteen years. No challenge was then made to the jurisdiction of the superior court.

She is before this court on a petition for a writ of *habeas corpus*.

It is conceded, in this proceeding, that she is enrolled in the Blackfoot-Cree tribe and maintains her tribal relations; that the offense with which she is charged was committed in Wapato, Washington, which is within the Yakima Indian reservation and in "Indian country."

"Larceny" is one of the crimes enumerated in the Ten Major Crimes Act which places exclusive jurisdiction thereof in the courts of the United States when the alleged crime is committed by an Indian in "Indian country." 18 U. S. C. (1952 ed.) § 1153.

There has been a question raised *sua sponte* in this court as to whether "aiding and abetting the commission of grand larceny" is the equivalent of larceny under the Ten Major Crimes Act.

Under the laws of the United States, one who aids or abets in the commission of an offense against the laws of the United States is punishable as a principal. 18 U. S. C. (1952 ed.) § 2. This, also, is the law in the state of Washington. RCW 9.01.030.

We conclude, therefore, that petitioner, an Indian, was charged with a crime within the purview of the Ten Major Crimes Act committed in "Indian country." This is sufficient to place exclusive jurisdiction over petitioner in the courts of the United States.

For the reasons stated in more detail in our opinion, *In re Wesley v. Schneckloth, ante* p. 90, 346 P. (2d) 658 (1959), the writ of *habeas corpus* shall issue, and respondent is ordered to release petitioner from custody.

DONWORTH, ROSELLINI, OTT, FOSTER, and HUNTER, JJ., concur.

HILL, J. (dissenting)—The writ of *habeas corpus* is granted in this case for reasons stated in detail in the majority opinion in the Joseph Joe *Wesley* case (*In re Wesley v. Schneckloth* (1959), *ante* p. 90, 346 P. (2d) 658).

As in the *Wesley* case, the petitioner here (Agnes Monroe) entered a plea of guilty to the charge against her (one of the Ten Major Crimes) in the superior court. It is conceded that no jurisdictional issue was raised.

The issues argued are the same as in the *Wesley* case. I dissent from the conclusion of the majority, and would deny the writ. My views are expressed more fully in my dissent in *In re Wesley, supra.*

MALLERY and FINLEY, JJ., concur with HILL, J.