55 Wn.2d 105 (1959)
346 P.2d 668
In the Matter of the Application for a Writ of Habeas Corpus of DOUGLAS E. ROBERTS, Petitioner,
v.
MERLE E. SCHNECKLOTH, as Superintendent of the State Penitentiary, Respondent.[1]
No. 34124.
The Supreme Court of Washington, En Banc.
November 19, 1959.
Raftis & Raftis, for petitioner.
The Attorney General and Michael R. Alfieri, Assistant, for respondent.
*106 WEAVER, C.J.
January 19, 1955, Douglas E. Roberts was charged in Stevens county with the commission of the crime of second-degree assault by attacking Eileen Bailey and Isabel Bailey with a "section of 3/4 inch water pipe, approximately 18 inches long," under circumstances not amounting to first-degree assault.
At Mr. Robert's arraignment, the court, at his request, appointed an attorney to represent him. January 28, 1955, Roberts entered a plea of not guilty. April 7, 1955, he withdrew his plea of not guilty and entered a plea of guilty. April 8, 1955, he was adjudged guilty of the crime of second-degree assault and sentenced to the state penitentiary for a period of not more than ten years. No jurisdictional issue was presented to the trial court.
It is conceded in this habeas corpus proceeding that Douglas E. Roberts was an enrolled member of the Colville Indian tribe; that the alleged crime was committed on an Indian allotment outside of the diminished Colville Indian reservation, but in "Indian country," as defined by statute (18 U.S.C. (1952 ed.) § 1151); and that the persons upon whom the assault was committed were enrolled members of the Colville Indian tribe.
[1] "An assault ... with a weapon or other instrument likely to produce bodily harm, to-wit: a section of 3/4 inch water pipe, approximately 18 inches long ..."
corresponds to the charge of "assault with a dangerous weapon," within the purview of the Ten Major Crimes Act (18 U.S.C. (1952 ed.) § 1153), which places exclusive jurisdiction thereof in the United States.
For the reasons stated in more detail in our opinion, In re Wesley v. Schneckloth, ante p. 90, 346 P. (2d) 658 (1959), the writ of habeas corpus shall issue, and respondent is ordered to release petitioner from custody.
DONWORTH, ROSELLINI, OTT, FOSTER, and HUNTER, JJ., concur.
HILL, J. (dissenting)
The writ of habeas corpus is granted in this case for reasons stated in detail in the majority *107 opinion in the Joseph Joe Wesley case (In re Wesley (1959), ante p. 90, 346 P. (2d) 658).
As in the Wesley case, the petitioner here (Douglas E. Roberts) entered a plea of guilty to the charge against him (one of the Ten Major Crimes). It is conceded that no jurisdictional issue was raised, and there is nothing in the record to indicate his status as an enrolled member of an Indian tribe, or that the crime was committed in "Indian country," as defined by 18 U.S.C. (1952 ed.) § 1151.
The issues are the same as in the Wesley case. I dissent from the conclusion of the majority and would deny the writ. My views are expressed more fully in my dissent in In re Wesley, supra.
MALLERY and FINLEY, JJ., concur with HILL, J.
NOTES
[1] Reported in 346 P. (2d) 668.