55 Wn.2d 585 (1960)
348 P.2d 977
In the Matter of the Application for a Writ of Habeas Corpus of KENNEDY CHARLEY, Petitioner,
v.
B.J. RHAY, as Superintendent of the State Penitentiary, Respondent.[1]
No. 33926.
The Supreme Court of Washington, Department One.
February 4, 1960.
John P. Rowe, for petitioner
The Attorney General and Stephen C. Way, Assistant, for respondent.
WEAVER, C.J.
Kennedy Charley was charged by information with the crime of second-degree burglary. Upon arraignment, he appeared in person, having waived counsel in open court, and entered a plea of guilty to the crime charged. He was sentenced to not more than fifteen years of confinement in the Washington State Reformatory. He has since been transferred to the Washington State Penitentiary.
Pursuant to Rule on Appeal 56 (5), RCW Vol. 0, his petition for a writ of habeas corpus, filed in this court, was *586 referred to the superior court of the state of Washington for Yakima county.
After hearing, the trial court found, and appropriate findings of fact were entered
(1) That, at the time the alleged offense was committed, the petitioner was an enrolled member of the Yakima Indian Tribe;
(2) That the alleged offense was committed in the city of Toppenish, Yakima County, Washington, within the boundaries of the Yakima Indian Reservation and in "Indian country," as that term is defined in 18 U.S.C. (1952 ed.) § 1151.
[1] "Burglary" (which is to "be defined and punished in accordance with the laws of the State in which such offense was committed") is one of the crimes enumerated in the Ten Major Crimes Act; hence, exclusive jurisdiction thereof is in the courts of the United States when the alleged crime is committed by an Indian in "Indian country." 18 U.S.C. (1952 ed.) § 1153.
Our disposition of this petition is governed by our recent decision in In re Wesley v. Schneckloth, ante p. 90, 346 P. (2d) 658 (1959); In re Roberts v. Schneckloth, ante p. 105, 346 P. (2d) 668 (1959); and In re Monroe, ante p. 107, 346 P. (2d) 667 (1959).
The writ of habeas corpus shall issue, and respondent is ordered to release petitioner from custody.
MALLERY, ROSELLINI, OTT, and HUNTER, JJ., concur.
NOTES
[1] Reported in 348 P. (2d) 977.