56 Wn.2d 173 (1960)
351 P.2d 919
In the Matter of the Application for a Writ of Habeas Corpus of TOMMY WHITE, Petitioner,
v.
MERLE E. SCHNECKLOTH, as Superintendent of the State Penitentiary, Respondent.[1]
No. 34128.
The Supreme Court of Washington, En Banc.
May 5, 1960.
The Attorney General and Michael R. Alfieri, Assistant, for respondent.
WEAVER, C.J.
December 13, 1950, petitioner Tommy White was charged by amended information that stated he,
"... on or about October 28, 1950, within Yakima County, Washington, then and there being, did then and there, under circumstances not amounting to assault in the first degree, knowingly and feloniously, unlawfully assault another, to-wit: [name deleted] with intent to commit a felony, to-wit: rape, contrary to the statutes in such case made and provided, and against the peace and dignity of the State of Washington."
*174 At his arraignment, he appeared in person and with counsel; entered a plea of guilty; was adjudged guilty of second-degree assault; and was sentenced to the state penitentiary for a period of not more than ten years. The trial court was informed that the alleged crime was committed in Toppenish, Washington. No challenge was then made to the jurisdiction of the superior court.
Tommy White filed his petition for a writ of habeas corpus in this court and alleged that he
"... is an unemancipated, three-quarter blood, native Indian of the United States and a registered member of the Yakima Tribe of the State of Washington ..." and that
"... the purported crime as charged against your petitioner (an Indian) took place in Indian Country as defined in U.S.C. Title 18 (1952 ed.) Sec. 1152 [§ 1151]."
The return and answer to the petition raised issues of fact that could not be "determined from the face of the record," so this court referred the matter to the trial court. Rule on Appeal 56 (5), RCW, Vol. 0.
Subsequently, the superior court of Yakima county found
"... that at the time of the commission of the offense, Tommy White was an enrolled member of the Yakima Indian Tribe, and that the crime was committed within the city limits of the City of Toppenish, and within the boundaries of the Yakima Indian Reservation.
"Further, the court finds that the offense was committed within `Indian Country', as defined by Title 18, U.S.C.A. Section 1151, as amended."
This court recently held that the federal courts have exclusive jurisdiction to try an enrolled Indian for the alleged commission, in Indian country, of a crime enumerated in the Ten Major Crimes Act; that a state court cannot acquire jurisdiction by estoppel, stipulation, or waiver by failure to question jurisdiction of the state court at the time of arraignment, plea, or sentence; and that, in these circumstances, jurisdiction of the state court can be questioned for the first time by a writ of habeas corpus. In re Wesley v. Schneckloth, 55 Wn. (2d) 90, 346 P. (2d) 658 (1959); In *175 re Roberts v. Schneckloth, 55 Wn. (2d) 105, 346 P. (2d) 668 (1959); In re Monroe, 55 Wn. (2d) 107, 346 P. (2d) 667 (1959); In re Charley v. Rhay, 55 Wn. (2d) 585, 348 P. (2d) 977 (1960). See In re Seymour v. Schneckloth, 55 Wn. (2d) 109, 346 P. (2d) 669 (1959).
[1] The Ten Major Crimes Act (18 U.S.C. 1952 ed. § 1153) includes rape, assault with intent to kill, and assault with a dangerous weapon. See In re Roberts v. Schneckloth, supra. An assault with intent to commit rape  with which petitioner was charged, and then adjudged guilty of second-degree assault  is not the equivalent of any of the three offenses named.
The act, with which petitioner is charged in the state court, is, however, a specific federal crime. 18 U.S.C. 1952 ed. § 113 provides:
"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
"(a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years." (Italics ours.)
18 U.S.C. 1952 ed. § 1152 provides:
"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country. (Italics ours.)
"This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively. (June 25, 1948, c. 645, 62 Stat. 757.)"
The record in the instant case does not disclose whether the victim of the assault was an Indian. Although the second paragraph of this statute (18 U.S.C. 1952 ed. § 1152) appears to provide a possible exception to the extension of *176 a federal criminal statute to Indian country, we do not find that its application has ever been interpreted to vest jurisdiction in a state court.
The facts determinative of jurisdiction are these: (a) the alleged acts of petitioner constitute a specific federal crime; and (b) they were committed by an enrolled Indian within the confines of an Indian reservation.
Having been defined as a specific federal crime
"... This means that many sections of the Federal Criminal Code apply to the reservation, including not only the Assimilative Crimes Act, but also those making penal the offenses of rape, assault with intent to commit rape, having carnal knowledge with a girl, adultery and fornication." (Italics ours.) Williams v. United States, 327 U.S. 711, 713-714, 90 L.Ed. 962, 66 S.Ct. 778 (1946).
[2] When an enrolled Indian commits an act in Indian country that is a breach of a specific federal criminal statute (although also a state crime), federal jurisdiction, or that of the tribe, is exclusive, in the absence of express Congressional legislation to the contrary.
In Williams v. Lee, 358 U.S. 217, 3 L.Ed. (2d) 251, 79 S.Ct. 269 (1959), the United States Supreme Court said:
"... if the crime was by or against an Indian, tribal jurisdiction or that expressly conferred on other courts by Congress has remained exclusive [as against state jurisdiction]. Donnelly v. United States, 228 U.S. 243, 269-272 [33 S.Ct. 449, 458-459, 57 L.Ed. 820]; Williams v. United States, 327 U.S. 711... [66 S.Ct. 778, 90 L.Ed. 962]."
To the same effect: 27 Am. Jur., Indians, §§ 47, 50; 42 C.J.S., Indians, § 79; U.S. Dept. of Interior, Federal Indian Law, 501-505, 510 (1958); "Criminal Jurisdiction Over Indian Country in Arizona," 1 Ariz. L. Rev. 62, 78 (1959); "Federal Jurisdiction Over Criminal Matters Involving Indians," 2 S. Dak. L. Rev. 48, 57 (1957), and cases cited.
Although this court in State v. Paul, 53 Wn. (2d) 789, 337 P. (2d) 33, appeal dismissed, 361 U.S. 898 (1959), sustained the validity of a state charge of second-degree assault committed by an enrolled Indian against another Indian upon an Indian reservation, the case is not apposite: first, *177 because Laws of 1957, chapter 240, p. 941 (RCW 37.12), had not been adopted at the time petitioner is alleged to have committed the crime; and second, because the Yakima tribe has not elected to come under the terms of the statute.
[3] It follows, therefore, that the state court did not have jurisdiction to confine petitioner. The writ of habeas corpus shall issue, and respondent is directed to release petitioner from custody.
MALLERY, DONWORTH, ROSELLINI, OTT, FOSTER, and HUNTER, JJ., concur.
FINLEY, J., concurs in the result.
HILL, J. (concurring specially)
My views on the basic issue of jurisdiction here presented may be found, if any one is interested, in my dissenting opinion in the case of In re Wesley v. Schneckloth (1959), 55 Wn. (2d) 90, 346 P. (2d) 658. I concur here because the opinion in that case is now the law.
NOTES
[1] Reported in 351 P. (2d) 919.