[No. 3992–II. Division Two. July 29, 1980.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respon-
dent*, v. REGINALD SARGEANT, ET AL,
*Appellants*.

*Michael E. Schwab* and *Pat Cockrill,* for appellants.

*Slade Gorton, Attorney General,* and *Charles R. Bush, Assistant,* for respondent.

REED, C.J.—The heirs of Reginald Sargeant appeal from the trial court's denial of their application for benefits under the victims of crimes—compensation, assistance act (RCW 7.68, hereinafter referred to as the Compensation Act). The petitioners' application was denied because jurisdiction to prosecute Sargeant's murderer is vested exclusively within the federal court system.

On August 23, 1975, Reginald Sargeant was murdered by Allen Isadore, a fellow member of the Yakima Indian Tribe. The crime occurred within the territorial boundaries of the Yakima Indian Reservation which is land held in trust by the United States for the Yakima Indian Nation. The decedent's heirs made application to the Crime Victims Compensation Division of the Department of Labor and Industries (Department) for compensation under RCW 7.68. The heirs' application was denied. The Department's denial was reversed by the Board of Industrial Insurance Appeals but later reinstated by the Thurston County Superior Court. The single issue presented at each level of this action is whether the benefits of the Compensation Act are limited to crimes committed in this state over which Washington courts have jurisdiction. We find no such jurisdictional limitation within the language of the act and we therefore reverse.

It is well established that the federal government has exclusive jurisdiction over offenses enumerated in the

10 major crimes act (18 U.S.C.A. § 1153 (1966)) when and only when these crimes are committed by an Indian in "Indian country" as defined in 18 U.S.C.A. § 1151. *In re White v. Schneckloth,* 56 Wn.2d 173, 351 P.2d 919 (1960); *In re Wesley v. Schneckloth,* 55 Wn.2d 90, 346 P.2d 658 (1959); *In re Roberts v. Schneckloth,* 55 Wn.2d 105, 346 P.2d 668 (1959); *In re Monroe,* 55 Wn.2d 107, 346 P.2d 667 (1959). In light of Washington's inability to prosecute Allen Isadore for the murder of Reginald Sargeant, the Department urges that Isadore's actions do not constitute a "criminal act" as defined in RCW 7.68.020(2).

 The purpose of the Compensation Act is to provide assistance to innocent victims of violent criminal acts. Criminal act is defined in RCW 7.68.020(2) as

an act committed or attempted in this state which is punishable as a felony or gross misdemeanor under the laws of this state: . . .

The absence of prosecution or conviction is not to be considered in ascertaining the criminal character of the acts giving rise to the claim. Additionally, the perpetrator's insanity or mental irresponsibility does not affect what would otherwise be a criminal act. RCW 7.68.020(2).

 Both parties concede that the act causing Sargeant's death occurred within the borders of this state, and therefore our only concern is whether state court jurisdiction is also required. Mindful of the rules of construction which shun strained and unusual interpretations of statutory language for those utilizing the word's ordinary meaning, we are guided by the statute's metaphoric phrase, "is punishable as a felony or gross misdemeanor under the laws of this state." We find it significant that a criminal act is not defined as an act which *is* a felony or gross misdemeanor under the laws of this state, but only an act which is punishable *as* such a felony or gross misdemeanor. Accordingly, we conclude the quoted language provides only a descriptive criterion of the type of act involved and not a jurisdictional prerequisite to compensation.

That the Compensation Act focuses only on the type of injury suffered and not the availability of State prosecution is further highlighted by the fact that the absence of prosecution is not a factor to be considered in ascertaining the criminal nature of the offensive act. *See* RCW 7.68.020(2). Indeed, the focus of the act is that of ascertaining the need and entitlement of the victim, not prosecution of the criminal defendant. Although we recognize that the Compensation Act addresses the issue of funding through reimbursement from the criminal perpetrator, such reimbursement is not made an indispensable element to the availability of benefits under such act. Funding is provided through subrogation and legislative appropriation as well as restitution. RCW 7.68.090. The apparent objective of the legislative act is compensation of innocent victims without regard to restitution or retribution from the criminal actor.

Moreover, even if we should recognize as valid the Department's arguments regarding the definition of criminal act under RCW 7.68.020(2), we are still required to construe the language in such a manner as to carry out rather than defeat the objective of the legislation. *Strenge v. Clarke,* 89 Wn.2d 23, 569 P.2d 60 (1977); *Anderson v. O'Brien,* 84 Wn.2d 64, 524 P.2d 390 (1974); *Miller v. Paul Revere Life Ins. Co.,* 81 Wn.2d 302, 501 P.2d 1063 (1972). Because the statute seeks only to compensate innocent victims without regard to prosecution of the criminal actor, we find that reading a jurisdictional requirement into the language of RCW 7.68.020(2) would defeat rather than promote the legislative objective under the Compensation Act. We hold, therefore, that the absence of State jurisdiction to prosecute Allen Isadore does not preclude Sargeant's heirs from recovering benefits under the act.

Because of our disposition of this case we find it unnecessary to reach other issues raised.

We reverse and remand.

PEARSON and PETRICH, JJ., concur.