[Nos. 7322–0–III; 8369–1–III.   Division Three.   April 7, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES D. BOWEN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DANIEL RAY KUSTER II, *Petitioner.*

*Richard Kayne* and *Kayne & Kitching,* for petitioner.

*James D. Bowen,* pro se, and *Clinton Henderson,* for appellant.

*Joshua F. Grant, Special Prosecuting Attorney for Asotin County; Donald C. Brockett, Prosecuting Attorney for Spokane County,* and *James Sweetser, Deputy,* for respondent.

THOMPSON, J.—The issue presented in these consolidated cases is whether it is unconstitutional to sentence someone convicted of a gross misdemeanor to a sentence greater then the highest presumptive sentence for someone, with the same criminal history, convicted of a felony. We affirm.

## State v. Bowen

In May 1985, Dr. Bowen and his wife became involved in an argument at their home during which Dr. Bowen punched his wife in the face. After an intense struggle, Mrs. Bowen fled to a neighbor's home. When seen shortly thereafter by doctors at the hospital, she had swelling and bruising around the eyes and cuts on her eyelids.

Dr. Bowen was arrested and charged with first degree assault, a felony. At trial, the State attempted to establish through expert medical testimony that the force used by Dr. Bowen was likely to cause death. The jury, however, found him guilty of the lesser included gross misdemeanor, simple assault.

The trial judge, noting the severity of the attack, sentenced Dr. Bowen to the statutory maximum confinement of 1 year in the county jail. Dr. Bowen has since served the entire sentence. He appeals both through counsel and pro se, contending primarily that the 1–year sentence denied him equal protection and was cruel and unusual punishment. Pro se, he also contends the conviction should be set aside.

## State v. Kuster

On March 25, 1986, Mr. Kuster was found guilty of simple assault arising out of domestic violence. He was sentenced to 365 days in jail, the statutory maximum. Mr. Kuster had no prior felony convictions, but this was his third for simple assault. He sought discretionary review, contending the sentence denied him equal protection of the laws. Discretionary review was granted.

### MOOTNESS

First, we must decide whether the challenge to Dr. Bowen's sentence should be dismissed as moot. Dr. Bowen has served his entire 1–year sentence. Arguably, this court cannot grant meaningful relief. However, the issue is also of substantial public interest in that the constitutional arguments have not been addressed in this state. The issues will likely recur. Though a case may be subject to dismissal

because of mootness, we may decline to do so where (1) the nature of the controversy is public rather than private; (2) there is need for a judicial determination for future guidance of public officers; and (3) there is a likelihood of future recurrence of the issue. *In re Myers,* 105 Wn.2d 257, 714 P.2d 303 (1986).

In addition, Dr. Bowen argues in his pro se brief his medical license hangs in the balance, and thus he could suffer collateral consequences. This is also a recognized exception to the mootness rule. *See Sibron v. New York,* 392 U.S. 40, 57, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968); *Canal Zone v. Castillo,* 568 F.2d 405 (5th Cir.), *cert. denied,* 436 U.S. 910 (1978).

We conclude while a reversal would not regain the year he spent in jail, it could affect collateral matters of consequence to Dr. Bowen. In addition, the case presents issues which meet the *Myers* criteria. Thus, we do not dismiss for mootness.

### Equal Protection

Did the court deny Dr. Bowen and Mr. Kuster equal protection of the law by imposing sentences on convictions for gross misdemeanors in excess of the presumptive range for a person with the same criminal history who is convicted of a felony? Arguendo, we assume the 1–year sentences imposed on both Dr. Bowen and Mr. Kuster for simple assault were greater than the maximum presumptive sentences for second degree assault for persons with similar criminal histories. Second degree assault is a felony, whereas simple assault is a gross misdemeanor. *See* RCW 9A.36.020, .030, .040. The maximum penalty for second degree assault, a class B felony, is 10 years and a $20,000 fine; for simple assault, 1 year and a $5,000 fine. RCW 9A.20.021.

Both defendants argue the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, grants certain "rights" to felons which are denied those convicted of misdemeanors or gross misdemeanors. Felons must be sentenced within a range

determined by the seriousness level of the crime, and the criminal history of the defendant. The SRA applies only to the sentencing of felony offenders. RCW 9.94A.010. Dr. Bowen and Mr. Kuster point out a court may sentence a defendant to the statutory maximum for a gross misdemeanor without the fact–finding "substantial or compelling reasons" as required before exceeding the presumptive range in sentencing a felon. They argue this could lead to disparity in sentences and that it denies them the equal protection of the law.

A violation of the equal protection of the laws guaranteed by the federal and state constitutions requires dissimilar treatment of persons similarly situated with respect to the legitimate purposes of the law. *In re Knapp,* 102 Wn.2d 466, 687 P.2d 1145 (1984); *State v. Phelan,* 100 Wn.2d 508, 512, 671 P.2d 1212 (1983). The State contends a defendant convicted of a felony is not similarly situated to a defendant convicted of a gross misdemeanor, for purposes of an equal protection analysis. The State argues that all defendants convicted of gross misdemeanors are treated alike and all defendants convicted of felonies are treated alike; each class is similarly situated to itself but not to each other.

Even assuming the two classes, felons and misdemeanants, are similarly situated, the dissimilarity in treatment is constitutionally permissible. While the SRA structures the discretion to sentence, it does not eliminate it. RCW 9.94A.010. The court has discretion to impose a sentence outside the presumptive range "if it finds, considering the purpose of [the SRA], that there are substantial and compelling reasons justifying an exceptional sentence". RCW 9.94A.120(2). Thus, since discretion may still be exercised, the felon is not guaranteed a sentence within the presumptive range. The felon faces a much higher statutory maximum than the person convicted of a gross misdemeanor.

The enactment of the SRA, and its application only to felons, is constitutionally permissible, and based upon substantial and compelling reasons. Recently *In re Mayner,*

107 Wn.2d 512, 516, 730 P.2d 1321 (1986) emphasized *"[e]qual protection does not require identity of treatment, if there is reasonable ground for a difference in policy"* (quoting *In re George,* 90 Wn.2d 90, 93, 579 P.2d 354 (1978)). The policy reasons for distinguishing between felony sentencing and sentencing for gross misdemeanors are apparent from the different treatment and consequences which flow from conviction. Various factors differentiate the two classes.

1. A felony conviction *can* result in confinement in the state penitentiary up to the statutory maximum for the specific felony offense, while persons convicted of gross misdemeanors can be sentenced to a maximum of 1 year in the county jail.

2. A felony conviction has future consequences for calculation of a defendant's offender score, while gross misdemeanor offenses do not. RCW 9.94A.360.

3. For a felony conviction, the court has jurisdiction for a longer period to impose punishment, restitution, and community supervision than the duration for gross misdemeanor offenses.

4. The statutory maximum monetary fine provisions which may be imposed for a felony conviction exceed the statutory maximums for misdemeanors.

5. A felony conviction affects a defendant's civil rights, while conviction of a gross misdemeanor does not.

Policy reasons for dissimilar treatment are substantial. Thus, the SRA's exclusion of gross misdemeanors from its provisions does not deny Dr. Bowen or Mr. Kuster equal protection of the law.

### CRUEL AND UNUSUAL PUNISHMENT

Next, both contend the imposition of a 1–year sentence for simple assault constitutes cruel and unusual punishment. The federal and state constitutions prohibit punishment which is grossly disproportionate to the gravity of the offense. *See State v. Fain,* 94 Wn.2d 387, 617 P.2d 720 (1980) (proportionality under Const. art. 1, § 14); *Solem v.*

*Helm,* 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983) (Eighth Amendment). Dr. Bowen contends his sentence is disproportionate because, had he been convicted of second or third degree assault, his presumptive sentence would have been less than the 1–year sentence imposed. He argues this makes punishment for the lesser included offense more severe than the greater offense, a practice denounced in *Solem v. Helm,* 463 U.S. at 293.

However, when comparing sentences for proportionality analysis, courts have looked to the statutory penalty. *See Solem v. Helm, supra.* The statutory maximum is 5 times greater for a class C felony than for a gross misdemeanor, and 10 times greater for a class B felony. Though the SRA requires reasons for exceeding the presumptive range, felony sentencing decisions involve discretion as do those for gross misdemeanors. Additionally, there is no showing that a sentence of 1 year for simple assault is disproportionate to sentences in this or other jurisdictions under similar facts. Imposition of the statutory maximum for a gross misdemeanor does not constitute cruel and unusual punishment.

We affirm both convictions.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

McINTURFF, C.J., and GREEN, J., concur.

Review denied by Supreme Court October 4, 1988.