196 P.3d 763 (2008)
STATE of Washington, Respondent,
v.
David Randall PRIEST, Appellant.
No. 26463-7-III.
Court of Appeals of Washington, Division 3.
December 4, 2008.
*765 Tanesha La Trelle Canzater, Attorney at Law, Bellingham, WA, for Appellant.
Felecia Shay Chandler, Jennifer R. Richardson, Okanogan County Prosecutor's Office, Okanogan, WA, for Respondent.
BROWN, J.
¶ 1 David Randall Priest, convicted of one count of theft in the first degree and one count of theft in the second degree, appeals his offender score calculation. Because three challenged prior convictions were properly included in his offender score, and any error in including a fourth challenged prior conviction was harmless, we affirm.

FACTS
¶ 2 Following a remand by this court, Mr. Priest was sentenced based upon an offender score of 10.5, calculated from 12 prior juvenile and adult convictions. At the evidentiary hearing, the State offered documentary evidence of Mr. Priest's 12 prior juvenile and adult convictions; four are relevant here.
¶ 3 First, the State offered a certified copy of a judgment and sentence from Lincoln County Superior Court, listing the offense of bail jumping, in violation of RCW 9A.76.170, with a date of offense of January 30, 1989. The document is entitled, "JUDGMENT AND SENTENCE (FELONY)." State's Ex. 3 at 1. The document lists Mr. Priest's criminal history for purposes of calculating *766 his offender score; lists the offense as an "unranked crime" with a range of "0-12"; and imposes a sentence of 29 days confinement followed by 12 months of community supervision. State's Ex. 3 at 1-3.
¶ 4 Second, the State offered a copy of a judgment and sentence and indictment for David Priest from the United States District Court, Eastern District of Washington, listing the offense of "Burglary on Indian Reservation," in violation of 18 U.S.C. § 1153 and RCW 9A.52.030, with date of offense of October 28, 1989. State's Ex. 5 at 2-5; 1 Report of Proceeding (RP) (Sept. 12, 2007) at 25-26. Both documents contained a seal from the National Archives of the United States, and a certification from the National Archives and Records Administration, certifying "the attached reproduction(s) is a true and correct copy of documents in [the Archivist of the United States] custody." State's Ex. 5 at 1. Other than the name David Priest, the documents contained no other identifying information.
¶ 5 Third, the State offered a copy of a judgment "[f]or revocation of Probation or Supervised Release" for David R. Priest, in case number 2: 96CR00052-001. State's Ex. 8 at 1-3. The State also offered a copy of an indictment for David R. Priest, in cause number CR-052-RHW, for, among other charges, one count of theft on an Indian reservation against victim Cheryl Priest Hahn, on or about February 2, 1996, in violation of 18 U.S.C. §§ 661 and 1153, labeled as count two. Both of these documents were from the United States District Court, Eastern District of Washington, and both contained a certification from the National Archives and Records Administration. Next, the State offered a copy of a judgment and sentence, and an amended version of the same, for David Randall Priest, in case number 2: 96CR00052-001, showing a guilty plea to count two of the indictment, date of offense February 2, 1996, in violation of 18 U.S.C. §§ 661 and 1153. Both of these documents ordered David Randall Priest to pay restitution to Cheryl Hahn. Additionally, neither document contained a certification.
¶ 6 Fourth, the State offered a copy of an amended judgment "[f]or Revocation of Probation or Supervised Release" for David Randall Priest, in case number 2: 94CR00189-001. State's Ex. 9 at 1-3 (emphasis in original). The State also offered a copy of an indictment for David R. Priest, in cause number CR-94-189-WFN, for one count of "Burglary on Indian Reservation," on or about July 19, 1994. State's Ex. 9 at 4-5. Both of these documents were from the United States District Court, Eastern District of Washington, and both contained a certification from the National Archives and Records Administration. Next, the State offered a copy of a judgment and sentence for David R. Priest, in case number CR-94-189-WFN, showing a guilty plea to one count of theft on an Indian reservation, date of offense August 4, 1994, in violation of 18 U.S.C. §§ 661 and 1153. This document did not contain a certification.
¶ 7 The defense challenged the existence and comparability of the 1994 and 1996 federal theft convictions. The State then offered the relevant federal code provisions, but did not offer the comparable Washington offenses. The trial court did not compare the federal offenses to Washington offenses before ruling that the State had established the bail jumping, the federal burglary, and the 1994 and 1996 federal theft convictions by a preponderance of the evidence. The four convictions were counted in Mr. Priest's offender score. Mr. Priest appealed.

ISSUE
¶ 8 The issue is whether the trial court erred in including the four prior convictions when calculating Mr. Priest's offender score. Mr. Priest contends the State failed to establish the existence of each conviction by a preponderance of the evidence and failed to establish the Washington comparability of the three federal convictions.

REVIEW STANDARDS AND RELEVANT LAW
¶ 9 We review a sentencing court's offender score calculation de novo. State v. Tili, 148 Wash.2d 350, 358, 60 P.3d 1192 (2003). Sentencing in Washington is governed by the Sentencing Reform Act of *767 1981(SRA), chapter 9.94A RCW. A criminal sentence is based upon the defendant's offender score and seriousness level of the crime. State v. Ford, 137 Wash.2d 472, 479, 973 P.2d 452 (1999). "The offender score measures a defendant's criminal history and is calculated by totaling the defendant's prior convictions for felonies and certain juvenile offenses." Id.
¶ 10 In order to establish a defendant's criminal history for sentencing purposes, the State must prove a defendant's prior convictions by a preponderance of the evidence. RCW 9.94A.500(1); State v. Ammons, 105 Wash.2d 175, 185-86, 713 P.2d 719, 718 P.2d 796 (1986). "The State must provide reliable evidence establishing the accuracy of the offender score calculation." State v. Wilson, 113 Wash.App. 122, 136, 52 P.3d 545 (2002) (citing Ford, 137 Wash.2d at 482, 973 P.2d 452). "The best evidence of a prior conviction is a certified copy of the judgment." Ford, 137 Wash.2d at 480, 973 P.2d 452. "However, the State may introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history." Id.
¶ 11 Additionally, when a defendant's criminal history includes out-of-state or federal convictions, the SRA requires classification "according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3). Further, with respect to prior federal convictions, "[i]f there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute." RCW 9.94A.525(3).

ANALYSIS

A. State Bail Jumping Conviction
¶ 12 To prove the bail jumping conviction, the State offered a certified copy of a felony judgment and sentence from Lincoln County Superior Court, with a date of offense of January 30, 1989. This document is sufficient to establish the existence of this prior conviction. See Ford, 137 Wash.2d at 480, 973 P.2d 452.
¶ 13 At the time of the offense, whether bail jumping was a felony or a misdemeanor depended upon the classification of the underlying crime. See former RCW 9A.76.170(2) (1983). If the defendant was held for, charged with, or convicted of a felony, the bail jumping offense was a felony; if the defendant was held for, charged with, or convicted of a misdemeanor or gross misdemeanor, the bail jumping offense was a misdemeanor. Former RCW 9A.76.170(2) (1983). Here, the judgment and sentence does not specify the classification of the bail jumping offense or the underlying crime.
¶ 14 However, the judgment and sentence does show the sentence for bail jumping was imposed pursuant to the SRA. The judgment and sentence shows the court treated the bail jumping as an "unranked crime" under the SRA. State's Ex. 3 at 2. The bail jumping judgment and sentence listed the sentencing range as "0-12," and imposed a sentence of 29 days confinement followed by 12 months of community supervision, complying with the SRA criteria for unranked offenses. See former RCW 9.94A.120(6) (1988), recodified as RCW 9.94A.505 by LAWS OF 2001, ch. 10, § 6; State's Ex. 3 at 1-3. "The SRA applies only to the sentencing of felony offenders." State v. Bowen, 51 Wash.App. 42, 46, 751 P.2d 1226 (1988) (citing RCW 9.94A.010). Therefore, because the bail jumping sentence was imposed pursuant to the SRA, the State proved, by a preponderance of the evidence, this conviction was a felony.

B. Federal Burglary Conviction
¶ 15 The judgment and sentence, certified by the National Archives and Records Administration, was sufficient to establish the existence of the federal burglary conviction by a preponderance of the evidence. See Ford, 137 Wash.2d at 480, 973 P.2d 452. Although the certification is not from the clerk of the court, it is from a United States agency having custody of such documents.
¶ 16 The preponderance burden requires "some showing that the defendant before the court for sentencing and the person *768 named in the prior conviction are the same person." Ammons, 105 Wash.2d at 190. When the prior conviction at issue is under the same name as the defendant before the sentencing court, identity of names is sufficient proof of this requirement. Id. The defendant may rebut this showing by declaring, under oath, that he is not the person who is named in the prior conviction. Id. If this declaration is not given, the identity of names alone is sufficient to include the conviction in the defendant's offender score. Id.; see also State v. Rivers, 130 Wash.App. 689, 700-01, 128 P.3d 608 (2005) (prior conviction properly included in offender score, where the defendant "did not present any statement on oath or otherwise argue that he was not the person named in the judgment and sentence").
¶ 17 Although Mr. Priest's defense counsel objected on identification grounds, Mr. Priest did not declare under oath at the sentencing hearing that he is not the David Priest named in the federal burglary conviction, or otherwise argue he was not the person named in the document. Therefore, the name alone was sufficient to establish the person named in the prior conviction was Mr. Priest.
¶ 18 Regarding comparability, both the judgment and sentence and the indictment list the offense of "Burglary on Indian Reservation," in violation of 18 U.S.C. § 1153 and RCW 9A.52.030. State's Ex. 5 at 2-5. Additionally, the indictment lists the date of offense as October 28, 1989. At the relevant time, 18 U.S.C. § 1153, "the Ten Major Crimes Act," gave federal courts "exclusive jurisdiction to try an enrolled Indian for the alleged commission, in Indian country, of a crime enumerated" therein. White v. Schneckloth, 56 Wash.2d 173, 174-75, 351 P.2d 919 (1960). The enumerated crimes, listed in subsection (a) of the Act, included burglary. Former 18 U.S.C. § 1153(a) (1988).
¶ 19 Where federal law did not define the enumerated crimes, the Act provided:
Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

Former 18 U.S.C. § 1153(b) (1988) (emphasis added). RCW 9A.52.030 defined the crime of second degree burglary, a class B felony. See Former RCW 9A.52.030 (1976).
¶ 20 Here, the proffered documents show Mr. Priest was charged with and convicted under 18 U.S.C. § 1153 and RCW 9A.52.030. Based on the above, 18 U.S.C. § 1153 was the jurisdictional statute, and RCW 9A.52.030 was the substantive offense. Thus, although this was a federal conviction, Mr. Priest was convicted of a Washington offense, as authorized by 18 U.S.C. § 1153(b). Comparability is satisfied.

C. 1996 Federal Theft Conviction
¶ 21 To prove the 1996 federal theft conviction, the State offered a copy of a judgment "[f]or revocation of Probation or Supervised Release" for David R. Priest, in case number 2: 96CR00052-001, and a copy of an indictment for David R. Priest, in cause number CR-052-RHW, for, among other charges, one count of theft on an Indian reservation against victim Cheryl Priest Hahn, on or about February 2, 1996, in violation of 18 U.S.C. §§ 661 and 1153, labeled as count two. State's Ex. 8, 1-3 (emphasis in original). Both of these documents were certified by the National Archives and Records Administration. The State also offered an uncertified copy of a judgment and sentence, and an amended version of the same, for David Randall Priest, in case number 2: 96CR00052-001, showing a guilty plea to count two of the indictment, date of offense February 2, 1996, in violation of 18 U.S.C. §§ 661 and 1153. Both of these documents ordered David Randall Priest to pay restitution to Cheryl Hahn.
¶ 22 Although not the best evidence to establish a prior conviction, considering the proffered documents together, the State provided reliable evidence of the 1996 federal theft conviction. See Wilson, 113 Wash.App. at 136, 52 P.3d 545 (stating "[t]he State must provide reliable evidence establishing the accuracy *769 of the offender score calculation"); see also Ford, 137 Wash.2d at 480, 973 P.2d 452 (stating "[t]he best evidence of a prior conviction is a certified copy of the judgment"). Although both the judgment and sentence and the amended version were not certified, the conviction listed therein matches count two in the certified copy of the indictment. Specifically, the judgment and sentence and the amended version lists the offense as theft on an Indian reservation, on February 2, 1996, in violation of 18 U.S.C. §§ 661 and 1153, charged in count two, and orders restitution to Cheryl Hahn, the victim named in count two of the certified copy of the indictment. Given the similarities between the uncertified copy of a judgment and sentence and the amended version of the same, and the certified copy of the indictment, the State met its burden of establishing the existence of the 1996 federal theft conviction by a preponderance of the evidence. See Ford, 137 Wash.2d at 480, 973 P.2d 452.
¶ 23 Regarding comparability, because this is a federal conviction, "[i]f there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute." RCW 9.94A.525(3).
¶ 24 Mr. Priest was convicted of theft in violation of 18 U.S.C. § 661 and 18 U.S.C. § 1153. As recognized above, 18 U.S.C. § 1153, gave federal courts "exclusive jurisdiction to try an enrolled Indian for the alleged commission, in Indian country, of a crime enumerated" therein. Schneckloth, 56 Wash.2d at 174-75, 351 P.2d 919. The enumerated crimes included "a felony under section 661 of this title." Former 18 U.S.C. § 1153(a) (1994). Thus, Mr. Priest's theft offense, under 18 U.S.C. § 661, was "usually considered subject to exclusive federal jurisdiction." RCW 9.94A.525(3). Additionally, Mr. Priest's theft offense "was a felony under the relevant federal statute." RCW 9.94A.525(3). The theft offense was charged pursuant to 18 U.S.C. § 1153, which only gives exclusive federal jurisdiction to "a felony under section 661." 18 U.S.C. § 1153(a) (emphasis added). Accordingly, because the offense was a felony under federal law, it "shall be scored as a class C felony equivalent." RCW 9.94A.525(3). Therefore, the trial court did not err in including this conviction in Mr. Priest's offender score.

D. 1994 Federal Theft Conviction
¶ 25 Mr. Priest challenges the inclusion of the 1994 federal theft conviction in his offender score calculation on the same grounds as the 1996 federal theft conviction. However, absent the 1994 federal theft conviction, Mr. Priest's offender score is 9.5.
¶ 26 "Where the standard sentencing range is the same regardless of a recalculation of the offender score, any calculation error is harmless." State v. Fleming, 140 Wash.App. 132, 138, 170 P.3d 50 (2007). Here, Mr. Priest's standard range is the same for both an offender score of 9.5 and an offender score of 10.5. See RCW 9.94A.515 (seriousness levels); RCW 9.94A.510 (sentencing grid). Consequently, any error in including the 1994 federal theft conviction in Mr. Priest's offender score was harmless. See Fleming, 140 Wash.App. at 138, 170 P.3d 50. Thus, this court need not reach the issue of whether the trial court erred in including the 1994 federal theft conviction in Mr. Priest's offender score.

E. Conclusion
¶ 27 The trial court did not err in including the bail jumping, the federal burglary, and the 1996 federal theft conviction in calculating Mr. Priest's offender score. The State established the existence of each conviction by a preponderance of the evidence, and the comparability analysis for the federal burglary and the 1996 federal theft conviction were satisfied. Additionally, because any error would be harmless, this court need not reach the issue of whether the trial court erred in counting the 1994 federal theft conviction in Mr. Priest's offender score. Accordingly, we affirm.
WE CONCUR: SCHULTHEIS, C.J., and KORSMO, J.