IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30059-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD PAYNE PROMINSKI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Ronald Payne Prominski appeals his sentences for two counts of vehicular homicide and one count of reckless endangerment. He contends the trial court denied him equal protection and due process, and abused its discretion in sentencing him more harshly than his codefendant, Jonas Jackson Keys IV. We affirm.

FACTS

In February 2010, Mr. Prominski crashed his car, killing two passengers and injuring a third passenger. Mr. Prominski had attempted to pass Mr. Keys's car at a high speed in a no-passing zone when he lost control, slid across the road, hit a guardrail, spun across a campground entrance, and struck a tree off the road. Mr. Prominski stated he and Mr. Keys had been playing a game of "cat and mouse." Report of Proceedings (RP) (June 8, 2011) at 171.

The State charged Mr. Prominski and Mr. Keys each with two counts of vehicular homicide and two counts of reckless endangerment. Mr. Prominski stood a jury trial and Mr. Keys stood a bench trial. The jury convicted Mr. Prominski of both vehicular homicide counts and one reckless endangerment count. The trial court convicted Mr. Keys as charged.

At sentencing, the court noted the codefendants' cases were "almost identical," presenting "two precise, identical sets of facts." RP (June 20, 2011) at 20, 22. Even so, the court sentenced Mr. Prominski to 34 months' imprisonment for the vehicular homicides, consecutive with 12 months' jail confinement for the reckless endangerment, while sentencing Mr. Keys to 26 months' imprisonment for the vehicular homicides, concurrent with six months' jail confinement for the reckless endangerments. The court explained to Mr. Keys the reasons for his sentences,

> [Y]ou were not the driver of the car in which the two youths were killed. And as the factfinder . . . in this case, also, I'm allowed, and was allowed, to make those kinds of judgments as to what kind of driving you exhibited and what kind of driving [Mr. Prominski] . . . exhibited.
> And in making those comparisons, I can establish a common-sense sentencing scheme based on that. You were not the driver that – that first of all attempted the bad pass, and then you're not the driver that made the bad pass just before [the campground] on a curve in the middle of the night, wet roads, at high speeds, and a pass that was illegal. You weren't that driver.

RP (*State v. Keys*, No. 29768-3-III, Mar. 7, 2011) at 536-37. The court explained to Mr. Prominski the reasons for his sentences,

> [Mr. Keys] was not in the car in which the two young men died. He was, as [his attorney] argued very persuasively, just there. He may have been speeding, but he was not doing anything other than that that was illegal on its face . . . .

2

. . . .

Mr. Prominski was the driver of the vehicle in which the two young men died and it was ultimately his determination that he could make that pass and that it was acceptable or safe or whatever was going through his mind, which ended in the tragedy.

RP (June 20, 2011) at 22-23. Mr. Prominski appealed.

ANALYSIS

The issue is whether the trial court violated equal protection or due process principles in its disparate sentencing of Mr. Prominski compared to Mr. Keys. We review alleged constitutional violations de novo. *State v. Siers*, 174 Wn.2d 269, 273-74, 274 P.3d 358 (2012).

First, Mr. Prominski contends the court denied him equal protection because he and Mr. Keys were similarly situated and no rational basis supports their disparate sentences. The federal equal protection clause provides, "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1; *see also State v. Smith*, 117 Wn.2d 263, 281, 814 P.2d 652 (1991) (interpreting CONST. art. I, § 12's privileges and immunities clause the same as the federal equal protection clause because they provide "substantially identical" guarantees). A trial court denies equal protection if it administers a valid law "'in a manner that unjustly discriminates between similarly situated persons.'" *State v. Handley*, 115 Wn.2d 275, 289, 796 P.2d 1266 (1990) (quoting *State v. Chelan County Sheriff's Dep't*, 110 Wn.2d 806, 811, 756 P.2d 736 (1988)); *see Yick Wo v. Hopkins*, 118 U.S. 356, 373-74, 6 S. Ct. 1064, 30 L. Ed. 220 (1886).

Imposing disparate sentences among codefendants denies equal protection if the codefendants are similarly situated and no rational basis[1] supports their disparate sentences. *Handley*, 115 Wn.2d at 290. Codefendants are similarly situated if they shared "near identical participation in the same set of criminal circumstances." *Id.* A rational basis supports disparate sentences if the classification is rationally related to a legitimate state interest, such as punishing codefendants based on "relative culpability." *Id.* at 292 (citing *State v. Clinton*, 48 Wn. App. 671, 680, 741 P.2d 52 (1987); *People v. Centanni*, 164 Ill. App. 3d 480, 493, 115 Ill. Dec. 521, 517 N.E.2d 1207 (1987)); *see State v. Osman*, 157 Wn.2d 474, 486, 139 P.3d 334 (2006).

Here, the trial court noted while Mr. Prominski drove the vehicle in which the victims died, and while he alone decided to fatally pass the other vehicle, Mr. Keys was "just there." RP (June 20, 2011) at 22. Thus, in the trial court's rational view, Mr. Prominski had greater participation and culpability in the collision than did Mr. Keys. Moreover, their different roles justify different punishments. The different punishment for Mr. Prominski is rationally related to the legitimate state interest of punishing codefendants based on relative culpability. Therefore, they were not similarly situated and a rational basis supports their disparate sentences. It follows that the trial court did not deny Mr. Prominski equal protection.

Second, Mr. Prominski contends the trial court denied him due process because sentencing him to more confinement than Mr. Keys "yields the appearance of

---

[1] The strict and intermediate levels of judicial scrutiny do not apply here because Mr. Prominski does not argue he is a member of a suspect or semisuspect class, or that

4

unfairness." Appellant's Opening Br. at 10. The federal due process clause applicable here provides, "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; *see also State v. Herzog*, 112 Wn.2d 419, 426, 771 P.2d 739 (1989) (interpreting CONST. art. I, § 3's due process clause the same as the federal due process clause absent any argument the state provision secured greater sentencing protection than the federal provision). A trial court denies due process if it imposes a sentence "so arbitrary or unfair" as to constitute an unlawful deprivation. *Handley*, 115 Wn.2d at 290 n.4; *see Bearden v. Georgia*, 461 U.S. 660, 666 n.8, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983).

Because Mr. Prominski and Mr. Keys were not similarly situated, and because a rational basis supports their disparate sentences, Mr. Prominski's sentence was reasonable and fair. Therefore, the trial court did not deny Mr. Prominski due process. To the extent Mr. Prominski separately challenges his sentencing hearing under the appearance of fairness doctrine,[2] we reject his challenge because he presents no evidence the trial judge held actual or potential bias. *See State v. Post*, 118 Wn.2d 596, 619 & n.8, 826 P.2d 172, 837 P.2d 599 (1992).

Third, Mr. Prominski contends the trial court abused its discretion because his harsher sentence was manifestly unreasonable. The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, applies solely to "the sentencing of felony offenders."

---

state action threatens his fundamental or important rights. *See State v. Osman*, 157 Wn.2d 474, 484, 139 P.3d 334 (2006).

[2] "Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent, disinterested observer would conclude that the parties received a

RCW 9.94A.010; *see State v. Bowen*, 51 Wn. App. 42, 46, 751 P.2d 1226 (1988).

Vehicular homicide is a class A felony but reckless endangerment is a gross

misdemeanor. RCW 9A.36.050(2); RCW 46.61.520(2). Therefore, we review Mr.

Prominski's vehicular homicide sentences under the SRA and reckless endangerment

sentences under non-SRA sentencing authority.

Where a trial court imposes an SRA sentence within the standard sentence

range, we may not review the sentence's length because, as a matter of law, the trial

court did not abuse its discretion. RCW 9.94A.585(1); *State v. Ammons*, 105 Wn.2d

175, 182-83, 713 P.2d 719, 718 P.2d 796 (1986). But we may review a trial court's

SRA sentencing procedures if they do not comply with constitutional or statutory

requirements. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993); *Herzog*, 112

Wn.2d at 423. For Mr. Prominski's vehicular homicide convictions, the trial court

imposed imprisonment within the 26- to 34-month standard sentence range. RCW

9.94A.510; RCW 9A.20.021(1)(a). Therefore, we may review solely whether the trial

court's vehicular homicide sentencing procedures complied with constitutional or

statutory requirements as completed above.

We review a non-SRA sentence for abuse of discretion. *State v. Smith*, 93

Wn.2d 329, 353, 610 P.2d 869 (1980). A trial court abuses its non-SRA sentencing

discretion if its decision is "'manifestly unreasonable,'" based on "'untenable grounds,'"

---

fair, impartial and neutral hearing." *State v. Gamble*, 168 Wn.2d 161, 187, 225 P.3d
973 (2010) (citing *State v. Bilal*, 77 Wn. App. 720, 722, 893 P.2d 674 (1995)).

or made for "'untenable reasons.'"[3] *State v. Blight*, 89 Wn.2d 38, 40-41, 569 P.2d 1129 (1977) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). For Mr. Prominski's reckless endangerment conviction, the trial court imposed jail confinement within the 12 month maximum sentence and consecutive with his vehicular homicide sentences. RCW 9.92.080(2)-(3); former RCW 9A.20.021(2) (2003). Mr. Prominski does not explain why his reckless endangerment sentence was manifestly unreasonable. Given this record, we conclude the trial court did not abuse its discretion and did not err in sentencing Mr. Prominski to more confinement than Mr. Keys.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Siddoway, J.

---

[3] A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take, and arrives at a decision outside the range of acceptable choices. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (citations omitted) (internal quotation marks omitted).