IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39555-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NELSON LAMONT EDWARDS, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Nelson Lamont Edwards Jr. appeals the second amended judgment

and sentence following remand from his first appeal. Edwards asserts that the

resentencing court failed to comport with this court's instructions in *Edwards* I[1] and his

offender score was consequently miscalculated because the State did not meet its burden

of proof to establish the prior convictions used to calculate the offender score, and at least

one of the prior convictions should wash out.

---

[1] This court's opinion in Edwards's first appeal will hereinafter be referred to as *Edwards* I throughout for clarity. *State v. Edwards*, 23 Wn. App. 2d 118, 514 P.3d 692 (2022).

The State agrees that Edwards's offender score was miscalculated, but asserts that the offender score should be higher, not lower. We remand again for a de novo resentencing.

BACKGROUND

A. *Edwards's First Appeal*

Following a bench trial, Nelson Lamont Edwards Jr. was found guilty of third degree assault, obstructing law enforcement, and possession of a controlled substance (PCS). He was sentenced for the crimes on January 25, 2021. The judgment identified two counts of third degree assault as current convictions under a different cause number, and five prior convictions were listed in the criminal history.

The prior convictions included second degree malicious mischief (July 21, 2010), second degree burglary (September 20, 2010), two instances of PCS (March 23, 2012 and May 16, 2012), and a community custody violation (September 24, 2015). Based on this data, the court determined that Edwards's offender score was 7. Edwards appealed this judgment and sentence. In his appeal, Edwards challenged his offender score, including the prior convictions for PCS and the potential washout of prior convictions.

Shortly after Edwards filed his appeal, our Supreme Court decided *Blake*, which invalidated Washington's strict liability drug possession statute as unconstitutional. *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). In response to *Blake*, and without receiving permission from this court, Edwards was resentenced. While commending the

2

parties for attempting to resolve the issue quickly, we voided the amended judgment and

sentence, reversed the original judgment and sentence, and remanded for resentencing.

*Edwards* I, 23 Wn. App. 2d at 120.

As part of our decision in the first appeal, we acknowledged the State's position

that one of Edwards's prior drug convictions was not PCS, but delivery of a controlled

substance, and advised the parties to resolve this issue on resentencing. *Id.* at 120 n.1.

Similarly, we noted Edwards's theory that the removal of invalid PCS convictions may

wash out other prior convictions from the offender score, but this court did not address

that argument on the merits. *Id.* at 121.

Finally, this court provided the following instructions:

> Mr. Edwards's current conviction for simple possession of a controlled
> substance must be dismissed under *Blake*. In addition, any prior
> convictions for possession of a controlled substance must be eliminated
> from the offender score. . . .
>
> We remand for resentencing pursuant to *Blake*. Resentencing shall
> be de novo, with the parties free to advance any and all factual and legal
> arguments regarding Mr. Edwards's offender score and sentencing range.

*Id*. at 122.

*B. Resentencing Hearing*

On November 12, 2022, the superior court held a resentencing hearing. Despite

our decision remanding for a full resentencing, the parties suggested to the superior court

3

that remand was limited and the Court of Appeals was retaining jurisdiction. The State

introduced the matter with its interpretation of this court's instructions in *Edwards* I:

> We then entered, on July 15th, a[n] amended felony judgment and sentence
> that eliminated the possession of a controlled substance, Count 3, because
> the Court had said that was no longer a viable count. And also removing
> any reference to any possession of a controlled substance. . . .
>
> [The Court of Appeals] then indicated that the only valid judgment
> and sentence was the January 25th, 2021, judgment and sentence and they
> let that stand as it was at, but for the directions to take care of the *Blake*
> matters, which was what we attempted to do in July.

Rep. of Proc. (RP) at 4-5. Defense counsel then asserted:

> [T]he Court of Appeals has decided we're not going to address the
> substantive merits of your appeal until we get a corrected felony judgment
> and sentence. And that's what we're doing today.
>
> But as soon as we do that, his appeal will go forward with the, you
> know, it could be his conviction will be thrown out sometime down the
> road.

RP at 5-6.

The State presented a second amended judgment and sentence, stating that it

mirrored what the parties attempted to do in July. The PCS conviction was removed as a

current offense, both PCS prior convictions were removed from the criminal history, and

the offender score was 4. Defense counsel asserted: "[T]his is an agreed judgment and

sentence . . . where we simply have recalculated his offender score and—and lowered his

sentence substantially from what was originally imposed." RP at 6.

4

Edwards began to tell the court his story about the crimes he was being sentenced for and the court reminded him that it was constrained to the matter of resentencing and would not evaluate his crimes on the merits. The court said its role was "to make [Edwards's] sentence go down because of the *Blake* decision, the . . . removal of all of the controlled substance charge[s]." RP at 8.

Then Edwards, through counsel, asked the court to eliminate the time remaining on community custody: "[H]e would absolutely like you to exercise your discretion to just say this case is over as far as sentencing and let the—let the Court of Appeals do what it's going to do on the merits." RP at 11. Edwards was further heard on the issue but, after discussion, the court declined to reduce community custody.

There was no discussion at the hearing specifically regarding the calculation of Edwards's offender score, the accuracy or validity of the prior convictions listed in the criminal history, or whether any prior convictions washed out. The court told Edwards, "what I'm finding is that it looks to me like they have written out a . . . sentence which now complies with the law. And so, I am willing to go ahead and sentence you on the case to this new sentence." RP at 9.

After the court signed the new judgment, the State asserted: "[J]ust for the record, [Edwards] has indicated that there is now a sentence that comports with the law. . . . I am not entirely certain that the mandate indicates that there is anything left . . . pending at the

5

No. 39555-3-III
*State v. Edwards*

Court of Appeals." RP at 15. After a short discussion between the attorneys, the court

concluded:

> The way I read [the opinion] is what [the court of appeals] directed us to do
> is to do a proper sentencing and to give everybody the chance to argue
> whatever they wanted to at this sentencing with everything back up and I—
> I have listened to what everybody has to say.

RP at 17.

Edwards appeals.

## ANALYSIS

The parties agree this case should be remanded for resentencing, but for different

reasons. Edwards asserts that the resentencing court failed to comport with this court's

instructions in *Edwards* I and his offender score was consequently miscalculated. He

argues that the State did not meet its burde`n of proof to establish the prior convictions

used to calculate the offender score, and at least one of the prior convictions should wash

out.

The State agrees that Edwards's offender score was miscalculated, but asserts that

the offender score should be higher, not lower. The State asserts that one of the PCS

prior convictions should not have been removed under *Blake* because the conviction was

actually for delivery of a controlled substance, not possession. If correct, this may affect

whether other prior convictions wash out.

6

Regardless, the failure to prove and accurately calculate Edwards's offender score requires us to remand for a full de novo resentencing. *State v. Hunley*, 175 Wn.2d 901, 287 P.3d 584 (2012) (the State's failure to prove the defendant's prior convictions requires resentencing); *State v. Schwartz*, 194 Wn.2d 432, 438, 450 P.3d 141 (2019).

This court provided the resentencing court with four distinct instructions: (1) the July 15, 2021 amended judgment and sentence was void and unenforceable, (2) the current conviction for PCS was reversed under *Blake*, (3) any prior convictions of PCS were to be removed from the offender score in accordance with *Blake*, and (4) resentencing was de novo, requiring the State to prove any prior convictions as well as requiring the parties to raise issues of washout. *Edwards* I, 23 Wn. App. 2d at 119-22. While the parties and court complied with the first three instructions, they failed to conduct a de novo resentencing.

"When a reviewing court reverses or vacates a sentence, resentencing is de novo in nature." *State v. Dunbar*, 27 Wn. App. 2d 238, 245, 532 P.3d 652 (2023). "Resentencing must proceed as an entirely new proceeding when all issues bearing on the proper sentence must be considered de novo and the defendant is entitled to the full array of due process rights." *Id.* Accordingly, this court remanded for resentencing providing that "resentencing shall be de novo, with the parties free to advance any and all factual and legal arguments regarding Mr. Edwards's offender score and sentencing range." *Edwards* I, 23 Wn. App. 2d at 122.

As such, the resentencing court should have employed the three-step process to calculate an offender score: identify all prior convictions, remove those that wash out, and count the remaining prior convictions to result in the offender score. *State v. Moeurn*, 170 Wn.2d 169, 175, 240 P.3d 1158 (2010).

Here, it appears there was some confusion as to the scope of the resentencing hearing. The State advised the resentencing court that the January 25, 2021 judgment and sentence should stand "but for the directions to take care of the *Blake* matters." RP at 5. This was incorrect. This court instructed dismissal under *Blake and* resentencing "de novo, with the parties free to advance any and all factual and legal arguments regarding Mr. Edwards's offender score and sentencing range." *Edwards* I, 23 Wn. App. 2d at 122. Likewise, defense counsel suggested that the Court of Appeals remanded for the limited purpose of entering a judgment and sentence sans any convictions for PCS while retaining jurisdiction to review the issues raised in the first appeal. This was also an incorrect assertion because there was no indication in *Edwards* I that this court was retaining jurisdiction. We issued a decision in the first appeal and remanded.

The sentencing court indicated that it was conducting a de novo resentencing, but did not employ the three-step process to determine Edwards's offender score. There was no discussion at the hearing regarding the calculation of Edwards's offender score, the accuracy or validity of the prior convictions listed in the criminal history, or whether any prior convictions washed out.

*Prior Convictions*

On remand, the State will have the burden to prove any prior convictions by a preponderance of the evidence at sentencing. *Hunley*, 175 Wn.2d at 909-10. Moreover, the State must establish the accuracy of the offender score calculation by providing reliable evidence. *State v. Priest*, 147 Wn. App. 662, 668, 196 P.3d 763 (2008). Reliable evidence is "'a certified copy of the judgment,'" or "'other comparable documents of record or transcripts of prior proceedings.'" *Id.* (quoting *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999)).

Here, three prior convictions were listed in the criminal history on the judgment: second degree malicious mischief, second degree burglary, and a community custody violation. The offender score was 4. However, it does not appear from the record that the State offered reliable evidence to prove any of the prior convictions at the resentencing hearing. Because the State failed to prove the defendant's prior convictions, the remedy is to remand for resentencing. *Hunley*, 175 Wn.2d 901.

We reject the State's argument that the issue of prior convictions is foreclosed because the State has met its burden of proof. First, the State argues that Edwards's criminal history was established by a preponderance of the evidence at the original sentencing hearing on January 25, 2021, when the offender score was calculated to be 7. However, Edwards appealed the January 25, 2021 judgment that was remanded for resentencing de novo, including determination of the offender score and sentencing

range. *Edwards* I, 23 Wn. App. 2d at 121-22. Therefore, it would be circular and inappropriate to use the original judgment as proof of prior convictions at resentencing.

Next, the State argues that at the November 21, 2022 resentencing hearing, the parties agreed that Edwards's offender score was recalculated to 4. It is true that defense counsel asserted: "[T]his is an agreed judgment and sentence . . . where we simply have recalculated his offender score and—and lowered his sentence substantially from what was originally imposed." RP at 6. However, a defendant does not "affirmatively acknowledge his prior convictions by agreeing to the State's sentencing recommendation, the standard sentencing range, or the offender score." *State v. Royal*, 26 Wn. App. 2d 812, 819, 530 P.3d 573 (2023). In fact, the State is only relieved of its evidentiary obligations to prove the defendant's criminal history when the defendant makes some affirmative acknowledgement of the prior convictions that form the basis of the offender score. *See Hunley*, 175 Wn.2d at 912. Therefore, although defense counsel asserted that the judgment was agreed to, the record does not reflect Edwards's affirmative acknowledgment of the prior convictions and acknowledgment cannot be inferred merely from agreement to the judgment.

Finally, the State argues that the trial court could have relied on information admitted in a plea agreement as proof of prior convictions. The State asserts that because the prior convictions listed on the judgment were the same prior convictions Edwards agreed to on a plea form for another matter entered the same day at the same sentencing

hearing, the State satisfied its burden of proof.[2]  It appears that the State misinterprets the statute.

RCW 9.94A.530(2) provides that "[i]n determining any sentence . . . the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing."  The State seems to argue that a plea agreement from another matter may be sufficient to prove prior convictions.  However, the plain language of the statute refers to "*the* plea agreement," not "*a* plea agreement," denoting specificity and likely indicating that the plea agreement must be the one that is the subject of the sentence being determined.  *See State v. Bunker*, 169 Wn.2d 571, 578, 238 P.3d 487 (2010) (employing "traditional rules of grammar in discerning the plain language of the statute").

The State offers *State v. Barnes*, No. 71144-0-I (Wash. Ct. App. Nov. 24, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/711440.pdf to support its contention, but the unpublished case is not on point.  In *Barnes*, the defendant negotiated a package plea deal for multiple charges and the State met its burden of proving prior convictions when the defendant "affirmatively acknowledg[ed] the existence of prior convictions" and "specifically agreed that the prosecutor's understanding of his criminal

---

[2] The State is referencing the original judgment of the present case (No. 20-1-00195-19) and a plea form from another matter (No. 19-1-00326-19) that were sentenced concurrently on January 25, 2021.  However, this appeal does not arise from the January 25, 2021 judgment, and the plea form the State references is not contained in this record.

history was 'accurate and complete.'" *Barnes*, slip op. at 6-7; s*ee State v. Hickman*, 112 Wn. App. 187, 191, 48 P.3d 383 (2002) (where the defendant "knowingly, voluntarily, and affirmatively stipulated to his offender score to gain the benefit of the plea bargain, he waived the right to appeal his offender score calculation and/or invited any error in that calculation").

Here, defense counsel asserted that the judgment was agreed to, but the record does not reflect Edwards's affirmative acknowledgment that his criminal history was accurate and complete. Additionally, there is no indication of a package plea deal or benefit gained from a plea bargain.

Furthermore, the State claims that the plea form was entered "at the same sentencing hearing," but the State is referring to the January 25, 2021 hearing that was appealed and remanded, not the November 21, 2022 hearing currently at issue. Moreover, the purported plea form is not part of the written record on appeal. Finally, the State undermines all three of its arguments by conceding that at least one of the prior convictions listed in the criminal history is incorrect. For these reasons, the State's contention fails.

The State did not meet its burden of proving Edwards's prior convictions at the last resentencing hearing. As such, the matter is remanded for resentencing. "On remand for resentencing following appeal or collateral attack, the parties shall have the

12

opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented."  RCW 9.94A.530(2).

*Wash Out*

To determine an offender score, a court must remove any prior convictions that wash out.  *Moeurn*, 170 Wn.2d at 175.  There is no evidence in the record to suggest that the resentencing court evaluated whether any prior convictions washed out.

In his first appeal, Edwards argued that the offender score and sentencing range was miscalculated because some of his prior convictions should have washed out due to the invalidity of the simple possession convictions—an issue that was remanded to the trial court.  *Edwards* I, 23 Wn. App. 2d at 121-22.

Now, in his second appeal, Edwards maintains that his conviction for second degree malicious mischief washed out on September 20, 2015.  The State disagrees, asserting that Edwards's complete criminal history is not in the record, and nonfelony crimes may prevent washout.  Additionally, Edwards asserts that the community custody violation should not impact the washout period.  He reasons that if the community custody was punishment for his now-reversed PCS conviction, the conviction for violation of that community custody is also unconstitutional.  The State again disagrees, asserting that the community custody resulted from a conviction for delivery of a controlled substance, not possession.

No. 39555-3-III
*State v. Edwards*


These issues can be raised and resolved by the sentencing court on remand.

We reverse the sentence and remand for de novo resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

14