## EARL 10X FITZGERALD *v.* STATE OF MARYLAND

[No. 68, September Term, 1968.]

*Decided December 27, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Patrick G. Cullen* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert S. Fertitta, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant, Earl 10X Fitzgerald, was convicted in the Criminal Court of Baltimore by Judge Thomas J. Kenney, sitting without a jury, of assault with intent to murder and common-law assault. He was sentenced to a term of fifteen years for the crime of assault with intent to murder under the jurisdiction of the Department of Correction, and his conviction of common-law assault was stricken. From his conviction of assault with intent to murder, he has appealed to this Court.

Appellant raises three contentions on appeal:

1. That the presiding judge denied the appellant due process of law by failing to declare a mistrial or disqualify himself, *sua sponte,* upon being assaulted by appellant.
2. That the evidence was insufficient to sustain the conviction of assault with intent to murder.
3. That the appellant was denied due process of law by his unlawful extradition from the State of New York.

From the evidence adduced at the trial, the trier of the facts could find that on March 12, 1964, at approximately midnight,

that the prosecuting witness, Milton Cradle, while in a tavern at 1312 Rose Street, Baltimore, Maryland, was shot four times by the appellant.

The witness, Milton Cradle, testified that when he arrived at the tavern he observed the appellant, whom he identified in court, sitting at the bar and engaged him in conversation, as they had known each other for five or six weeks. After having a beer with appellant and talking with him for some fifteen or twenty minutes, they separated and each talked with other patrons. Thereafter the appellant was observed leaving the tavern and returned later that evening with a gun and shot Cradle behind the left ear, the bullet passing through his left cheek. Cradle whirled off the bar stool and observed appellant starting out the door of the tavern with the gun in his hand which he kept firing. Three additional bullets struck Cradle as he tried to use a post in the tavern as protection. Cradle did not lose consciousness and personally phoned the police, and was hospitalized for one month as a result of his injuries. On cross examination Cradle related that during the five week period he knew appellant they saw each other practically daily and they had never quarreled.

Mrs. Elizabeth Wright testified that shortly after midnight on. March 12, 1964, while approaching her home at 1116 Rutland Avenue, Baltimore, she encountered a man, whom she identified in court as the appellant, who said: "Come here, I have a gun," and she observed a gun 7" or 8" long which he held in his hand. Appellant said: "Do you hear an ambulance," and when she responded affirmatively, he said: "I just killed a man." Mrs. Wright further testified that the appellant informed her that he had been involved in an argument with another man at a bar and that he had killed the other man.

Officer Capp testified that upon his arrival at the scene of the shooting at about 12:02 a.m., he observed Cradle slumped over a table, bleeding from gunshot wounds. Shortly thereafter the victim Cradle was transported to the hospital, and to Officer Capp's knowledge no weapon was found upon him.

Sergeant Adams testified that he had attended the appellant's extradition hearing in the Criminal Court of New York City, at which time he had two warrants for appellant's arrest, one for

the crime of assault with intent to murder, for which he was convicted, and the other for the crime of rape, and that he returned the appellant to Baltimore, Maryland by train.

At the conclusion of the State's case the appellant's counsel moved for a judgment of acquittal, which was denied by the court. Thereafter the appellant elected to testify. In his testimony appellant denied having been intoxicated or that he had argued with the victim. He testified that he had left the tavern and that upon his return the shooting occurred. Appellant further testified that the victim Cradle had given him the gun and as he returned the gun to Cradle the gun went off, after which appellant left the tavern. He denied that he knew Cradle had been shot and stated that if he had been shot four times, then somebody else must have shot him.

At the close of all the testimony a motion for judgment of acquittal was renewed, and was again denied, and the appellant was found guilty under the first and second counts of the indictment. Immediately thereafter, at rendition of the verdict, appellant's attorney explained to him his right to file a motion for a new trial, and if that was denied, he could note an appeal from the verdict. Appellant then asked the judge several questions and while the trial judge was attempting, in great detail, to explain to appellant his rights, appellant became very upset and hurled a chair from where he was standing at the trial table up on the bench, landing very close to the trial judge. At this point, the court attendants and police grappled with appellant, handcuffed him, and took him out of the courtroom. Whereupon the trial judge stated all further matters would be held *sub curia* and would be taken up at a later date. He thanked appellant's counsel at this time for his able representation in a difficult case.

## I

Appellant first contends that the trial judge denied appellant due process of law by failing to declare a mistrial or disqualify himself *sua sponte* upon being assaulted by appellant.

Appellant's trial was held July 3, 1967, and further proceedings were held *sub curia* until March 4, 1968, or some eight months later, when the hearing on the motion for a new trial was heard and denied by the same trial judge. The court then

imposed a sentence of fifteen years imprisonment under the jurisdiction of the Department of Correction on the assault with intent to murder conviction, accounting from December 26, 1965.

We find no merit to appellant's first contention. The appellant was represented by experienced and capable counsel at all pertinent stages of the proceedings and his representation merited complimentary comments by the trial judge. The appellant's trial had ended and he had been found guilty by the lower court prior to the occurrence of the throwing of the chair which took place in the courtroom; only sentencing remained to be imposed. The record clearly establishes that no objection was made to the trial judge continuing to preside over the sentencing nor was a motion made for a mistrial or a request by the appellant that the judge disqualify himself. Therefore, the issue, not having been decided or properly preserved below, is not before us for consideration and this issue may not now be raised on appeal. *Culver v. State,* 1 Md. App. 406, 417, 230 A. 2d 361; *Gaylord v. State,* 2 Md. App. 571, 575, 235 A. 2d 783; *Tillery v. State,* 3 Md. App. 142, 147, 238 A. 2d 125; Maryland Rule 1085. See also *Thomas v. United States,* 363 F. 2d 849.

However, had the matter been preserved, it, nevertheless, would be without merit. Judge Kenney had no personal interest in the case and there was no reason why he should disqualify himself. His only remaining duty was to hear the motion for a new trial, and in the event that the same was overruled, to impose sentence. Moreover, no contempt charge was instituted or any assault charge prosecuted for the unprovoked attack. We find that since the conviction already having been determined and the obvious exercise of restraint by the trial judge at the sentencing, there was no necessity for the trial judge to declare a mistrial or disqualify himself *sua sponte.* Moreover, the record indicates that appellant apologized to the judge after he was apprised that the judge about to impose sentence was the same judge at whom he had thrown a chair.

## II

Appellant's second contention is also without merit. From the evidence adduced at the trial, it was established that the appel-

lant shot the victim four times without any apparent provocation or excuse, the first shot being fired from the pistol he held at the victim's head. "It is difficult to imagine a stronger case, but it may be noted that specific intent to kill is not a necessary element for a conviction of assault with intent to murder. An intent to commit grevious bodily harm is sufficient, *McFadden v. State,* 2 Md. App. 725, 727, 237 A. 2d 93; *Lawrence v. State,* 2 Md. App. 736, 738, 237 A. 2d 81." *Harding v. State,* 5 Md. App. 230, 247, 246 A. 2d 302, 312. There was amply sufficient evidence to warrant appellant's conviction of assault with intent to murder.

## III

Appellant's third and final contention that he was denied due process of law by his unlawful extradition from the State of New York is also without merit. No question was raised at the trial regarding any irregularities in the extradition procedure. Since this issue is not properly before us, as it was not raised below, it may not now be raised on appeal. *Tillery v. State, supra,* 147. Maryland Rule 1085.

*Judgment affirmed.*