[No. 15261-4-II. Division Two. May 3, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ABDULLAH FARUQ BILAL, *Appellant*.

*Pattie Mhoon,* for appellant (appointed counsel for appeal).
*John W. Ladenburg, Prosecuting Attorney,* and *Barbara Corey-Boulet, Deputy,* for respondent.

HOUGHTON, A.C.J. — Abdullah Faruq Bilal appeals from a conviction of rape in the second degree, contending the trial court erred in certain evidentiary rulings and in failing to recuse itself at the sentencing hearing. He also appeals on grounds of cumulative error, ineffective assistance of counsel and insufficiency of the evidence. We affirm.

On March 25, 1991, RW called the emergency 911 dispatcher to report she had been raped by Bilal. Officers responded to the call and later that day, Bilal was arrested and taken into custody. Bilal was charged by information with rape in the second degree.

A jury found Bilal guilty of rape in the second degree. Immediately after the verdict was read, Bilal assaulted the trial judge as he sat on the bench.

Prior to sentencing, Bilal submitted affidavits setting forth his belief that because of his assault on the judge, Bilal would not receive a fair and impartial sentence. At the sentencing hearing, Bilal brought a motion for the trial judge to recuse himself. The motion was denied. Bilal appeals.

Bilal contends that the trial judge erred in denying his recusal motion, asserting that the trial judge violated the appearance of fairness doctrine required by the Code of Judicial Conduct in sentencing Bilal, after Bilal assaulted him in open court. The State counters that remand on this issue would reward a defendant for outrageous courtroom behavior.

■ "Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent and disinterested observer would conclude that all parties obtained a fair, impartial, and neutral hearing."[1] *State v. Ladenburg*, 67 Wn. App. 749, 754-55, 840 P.2d 228 (1992). Before we can find a violation of this doctrine, however, there must be evidence of a judge's actual or potential bias. *See State v. Post*, 118 Wn.2d 596, 619 n.9, 826 P.2d 172, 837 P.2d 599 (1992); *State v. Carter*, 77 Wn. App. 8, 888 P.2d 1230 (1995); *State v. Eastabrook*, 58 Wn. App. 805, 816, 795 P.2d 151, *review denied*, 115 Wn.2d 1031 (1990).

■ This is a case of first impression in Washington. However, other jurisdictions have dealt with the issue of trial court recusal under an appearance of impartiality analysis in circumstances of assault or threat by a party or person associated with a party. *See* Richard C. Tinney, Annotation, *Disqualification of Judge Because of Assault or Threat Against Him by Party or Person Associated With Party*, 25 A.L.R.4th 923 (1983). We note that the federal courts are governed by the federal rules of judicial conduct. *See* 28 U.S.C. § 455 (federal bench regulated by the appearance of impartiality standard). We further note that other state jurisdictions apply an appearance of impropriety standard similar to Washington's appearance of fairness doctrine. Regardless of the standard used, however, all jurisdictions agree that a defendant should not benefit from his or her own misbehavior and that recusal lies within the sound discretion of the trial court. *See, e.g., Bisignano v. Municipal Court*, 237 Iowa 895, 23 N.W.2d 523 (1946) (judge not required to recuse after being assaulted by defendant while court was in session), *cert. denied*, 330 U.S. 818 (1947).

In *Wilks v. Israel*, 627 F.2d 32 (7th Cir. 1980), *cert. denied*, 449 U.S. 1086 (1981), the defendant was uncooperative throughout the trial. At a pretrial hearing, the defendant threw a stamping machine and microphone at the judge.

---

[1]The Code of Judicial Conduct 3(c)(1) provides in part:
"Judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned . . .."

Later, outside the presence of the jury, he assaulted the judge. The Seventh Circuit, on a petition for habeas corpus, found that Wilks had received a fair trial, stating that:

> [a] petitioner's deliberate attack on the trial judge calculated to disrupt the proceedings will not force a judge out of a case. *Mayberry v. Pennsylvania*, 400 U.S. 455, 463, 91 S.Ct. 499, 504, 27 L.Ed.2d 532 (1971). To permit such an attack to cause a new trial before a new judge would encourage unruly courtroom behavior and attacks on the trial judge and would greatly disrupt judicial administration.

*Wilks*, at 37.

Similarly, in *Fitzgerald v. State*, 5 Md. App. 558, 248 A.2d 667 (1968), the defendant was convicted of assault. After the verdict was read, he threw a chair at the trial judge. The defendant later apologized, but made no motion for mistrial or disqualification. On appeal, the court held the issue had not been preserved, but also noted that since the conviction had already been determined and the trial court judge had shown restraint in sentencing, there was no reason for the trial judge to disqualify himself. *Fitzgerald*, at 670.

Other jurisdictions similarly follow the rule that a party cannot demand recusal after threatening or assaulting the judge, but rather that decision generally rests with the judge. In *State v. Prater*, 583 So. 2d 520 (La. Ct. App. 1991), the defendant sent a series of threatening letters to the judge throughout the course of the trial. Prior to sentencing, the defendant moved for the judge's recusal claiming a violation of the appearance of impropriety standard. The motion was denied. On appeal, the trial court's refusal to recuse was upheld on the basis that:

> [g]ranting Prater's motion to recuse the trial judge based upon conduct by Mr. Prater would open the doors for any defendant to get rid of a presiding judge by the simple expedient of making a threat against the judge.

*Prater*, at 527-28. *See also In re Marriage of Johnson*, 40 Colo. App. 250, 576 P.2d 188 (1977) (recusal not required where wife made motion after husband threatened her, attorney and court); *Smith v. District Court for Fourth Judicial Dist.*, 629 P.2d 1055 (Colo. 1981) (threats overheard by officer and

relayed to judge; refusal to recuse upheld); *State v. Brown,* 121 Idaho 385, 392, 825 P.2d 482, 489 (1992) (trial court not required to disqualify itself after learning judge was on defendant's death threat list).

Genuine threats made outside of the courtroom, however, may warrant recusal. In *United States v. Greenspan,* 26 F.3d 1001 (10th Cir. 1994), the FBI investigated allegations that the defendant, as part of an interstate conspiracy, had contracted to kill the judge and his family. FBI agents told the trial judge about the conspiracy after the defendant had been convicted, but before sentencing. At the sentencing hearing, Greenspan brought a motion to recuse the judge, based upon the alleged threats. The motion was denied. On appeal, the court found that in light of the extensive *extrajudicial* threats against the trial judge and his family, and the unique circumstances involved, "the trial judge should have recused himself from sentencing". *Greenspan,* at 1006. The court further found that there was no suggestion the threats were made to secure recusal. The court noted, however:

> [h]ad there been any reason to believe that threats were made only in an attempt to obtain a different judge, to delay the proceedings, to harass, or for other vexatious or frivolous purpose, recusal would not have been warranted, even if the judge learned of the threats from a third person such as a federal agent.

*Greenspan,* at 1006. *See also United States v. Cerrella,* 529 F. Supp. 1373 (S.D. Fla. 1982) (recusal proper when defendant expressed intent to kill judge and entered into a contract to do so, despite FBI investigating such conspiracy).

In reviewing these cases, we do not find one where a motion for recusal was granted based upon actions by the defendant or someone associated with or sympathetic to the defendant in order to secure recusal.[2] *See In re Singh,* 123 F.R.D. 140 (D.N.J. 1988) (threatening letter to judge not basis for recusal); *United States v. Cooley,* 787 F. Supp. 977 (D. Kan. 1992) (threats made by anonymous third parties against

---

[2]*Greenspan* and *Cerrella* are inapposite in this context. *Greenspan* involved an extensive conspiracy and recusal depended upon extrajudicial threats. In *Cerrella,* the trial judge disqualified himself after learning about a threat to kill him.

judge not grounds for recusal). We find persuasive the argument that a criminal defendant should not benefit from a threat or use of force against the court. In this case there is no evidence of bias at sentencing. Bilal was sentenced within the standard range and we therefore hold that the trial court did not err in denying Bilal's motion for recusal.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MORGAN, J., and ALEXANDER, J. Pro Tem., concur.

Review denied at 127 Wn.2d 1013 (1995).