FILED
COURT OF APPEALS
DIVISION II

2013 MAY 29 AM 9: 30

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43128-9-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JESSE ALDEN WESCOTT, | |
| Appellant. | |

BJORGEN, J. — Jesse Wescott appeals his conviction for bail jumping, arguing that the trial judge erred in not disqualifying himself from trial on the bail jumping charge. We affirm.[1]

On June 2, 2011, the State charged Wescott with failure to register as a sex offender. On October 25, 2011, Wescott and his attorney were present for an omnibus hearing. The judge set the hearing over until November 2, 2011 for a review hearing, stating:

> JUDGE LEWIS:   Okay. Be back then, November 2nd, at 8:30 and with a proposal for when the matter might be tried.
> (Defendant and Defense Counsel confer.)
>
> . . . .
>
> MR. DUNKERLY:   That will be this courtroom, Your Honor? At 8:30 in the morning?
> JUDGE LEWIS:   Yeah.
> MR. DUNKERLY:   Yes.
> JUDGE LEWIS:   Special setting.
> MR. DUNKERLY:   All right. (To the Defendant.) So, it will be here, this courtroom, at 8:30 on the 2nd. Yes, you'll get a copy.

Report of Proceedings (Oct. 25, 2011) at 6-7.

---

[1] A commissioner of this court initially considered Wescott's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

The judge signed a memorandum of disposition ordering Wescott to return to court on November 2, 2011, at 8:30 a.m. Wescott, his attorney, and the deputy prosecuting attorney all signed the memorandum order.

Wescott did not appear at the November 2, 2011 hearing, and the court authorized a warrant for his arrest. Wescott did appear before the trial court on November 3, 2011, at which time the State amended its information to add a charge of bail jumping. Wescott waived his right to a jury trial on both charges. Trial commenced before Judge Lewis on February 10, 2012. He found Wescott not guilty of failure to register, but guilty of bail jumping.

Wescott argues for the first time on appeal that Judge Lewis should have disqualified himself from presiding over the trial because he had ordered Wescott to appear on November 2. He contends that Judge Lewis should have disqualified himself under Canon 2.11 of the Code of Judicial Conduct (CJC), which directs judges to "disqualify [themselves] in a[ny] proceeding in which [the judge's] impartiality might reasonably be questioned." Br. of Appellant at 7 (quoting CJC CANON 2.11).

He also contends that Judge Lewis should have disqualified himself under the appearance of fairness doctrine, which requires that "'a reasonably prudent and disinterested observer would conclude that all parties obtained a fair, impartial, and neutral hearing.'" *State v. Bilal*, 77 Wn. App. 720, 722, 893 P.2d 674, *review denied*, 127 Wn.2d 1013 (1995) (quoting *State v. Ladenburg*, 67 Wn. App. 749, 754-55, 840 P.2d 228 (1992)).

We normally review a judge's decision whether or not to disqualify himself or herself for an abuse of discretion. *State v. Perala*, 132 Wn. App. 98, 111, 130 P.3d 852, *review denied*, 158 Wn.2d 1018 (2006). Wescott, however, never asked Judge Lewis to exercise his discretion to

No. 43128-9-II

disqualify himself. Thus, we do not review whether Judge Lewis abused his discretion in this matter. Instead, we review this issue de novo.

Before reaching the merits, though, we must determine whether Westcott may raise these claims for the first time on appeal. In *State v. Morgensen*, 148 Wn. App. 81, 90-91, 197 P.3d 715 (2008), *review denied*, 166 Wn.2d 1007 (2009), we held that claims of bias or violations of the appearance of fairness doctrine cannot be raised for the first time on appeal. Westcott was present at the October 25 hearing at which Judge Lewis made the order which Westcott claims violated the CJC. Westcott was also present at the hearings and trial which he now claims violated the appearance of fairness doctrine. Westcott cannot keep silent when an alleged error occurs and wait until appeal to raise it. Under *Morgensen* and RAP 2.5(a), Westcott cannot raise these claims for the first time on appeal.

We affirm Wescott's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

VAN DEREN, J.

JOHANSON, A.C.J.

3