# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46960-0-II |
| Respondent, | |
| v. | |
| THEODORE ROOSEVELT RHONE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Theodore R. Rhone appeals the trial court's denial of his motion to suppress evidence obtained in a vehicle search related to his 2005 conviction for first degree robbery with a firearm enhancement, possession of a controlled substance with intent to deliver, and possession of a firearm.[1] Rhone argues that on remand for a new suppression hearing, the trial court ignored this court's prior holding in *State v. Rhone*,[2] which was the law of the case, that the officer conducted a search incident to arrest, and that the evidence seized in the car should have been suppressed. We hold that the trial court erred in finding that the vehicle search was a search pursuant to a *Terry*[3] stop. We also hold that the error was harmless as it relates to the conviction for first degree robbery with a firearm enhancement and that error was not harmless as it relates to

---

[1] The Washington Supreme Court granted Rhone's personal restraint petition and remanded to the superior court for reconsideration of the trial court's suppression order regarding the automobile search in light of *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) and *State v. Patton*, 167 Wn.2d 379, 219 P.3d 651 (2009).

[2] *State v. Rhone*, noted at 137 Wn. App. 1046, 2007 WL 831725 (2007).

[3] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

the convictions for possession of a controlled substance and possession of a firearm. We vacate these latter two convictions and remand for further proceedings.

FACTS

On May 30, 2003, Pierce County Sheriff's Deputy David Shaffer responded to a call involving an incident at a Jack in the Box restaurant. Workers from the restaurant reported that individuals in a red 1990 T-top Camaro, license plate number 677 HCS, had been at the restaurant on two occasions looking for an employee who owed them money. The report indicated that there were three occupants in the vehicle and that the front passenger was armed with a gun.

Deputy Shaffer recognized the vehicle description and license number as a vehicle he previously had seen at a house located at 10701 S. Tacoma Way. Upon arriving in the area of the house, Deputy Shaffer saw the suspect vehicle. As Deputy Shaffer pulled in behind the vehicle, the passenger door opened and the front passenger, later identified as Theodore Rhone, began to step from the vehicle.

Due to the report that the front passenger was armed with a gun, Deputy Shaffer, who was alone at the time, stepped from his patrol car, drew his weapon, and gave loud verbal commands to Rhone to put his hands where they could be seen. Rhone made eye contact with the deputy, but failed to comply with the deputy's oral commands. Instead, Rhone reached back into the rear interior of the vehicle. Deputy Shaffer feared that Rhone was reaching for a gun and continued to give verbal commands before Rhone eventually complied. Rhone was frisked, handcuffed, and detained in a patrol car by another officer who had just arrived on the scene.

While Deputy Shaffer was dealing with Rhone, the rear passenger of the vehicle, later identified as Phyllis Burg, stated that the individuals in the vehicle had just come back from the

Jack in the Box. Burg was asked to step from the vehicle and was frisked, handcuffed, and detained by another officer who had arrived on the scene. The driver of the vehicle, later identified as Cortez Brown, was also asked to step from the vehicle and was frisked, handcuffed, and detained by another officer who had arrived on scene.

As Deputy Shaffer approached the vehicle to determine if there was a gun in the vehicle that could pose a threat to law enforcement officers, Burg stated that there was a gun in the car. Deputy Shaffer then entered the vehicle and found a .22 caliber Smith and Wesson revolver in a white plastic bag on the floorboard behind the driver's seat. He also located a white plastic tube containing two pieces of suspected crack cocaine under the driver's seat and a purple Crown Royal bag that contained five bundles of suspected rock cocaine individually wrapped in plastic under the back passenger seat. At the time of this search, all three occupants of the vehicle were being detained in patrol cars.

As the occupants of the vehicle were being detained, Deputy Darin Miller, who had initially also responded to the location of the stop, contacted the Jack in the Box restaurant and spoke with Isaac Miller at approximately 6:00 p.m. Isaac[4] reported that the occupants of the Camaro came through the drive through claiming that he owed them money. Isaac said that the front seat passenger pointed a gun at him, and he threw what little money he had into the vehicle. Deputy Miller relayed this information to Deputy Shaffer immediately, and Deputy Shaffer arrested all three occupants of the Camaro.

---

[4] We refer to Isaac Miller by his first name to avoid any confusion with Deputy Darin Miller, and intend no disrespect.

Rhone was charged with first degree robbery with a firearm enhancement, unlawful possession of a controlled substance with intent to deliver with a firearm enhancement, first degree unlawful possession of a firearm, and bail jumping

Prior to trial, Rhone moved to suppress the evidence seized during the search of the Camaro. The 2005 trial court denied the motion. The trial court concluded that Deputy Shaffer's contact with the vehicle and detention of Rhone was a lawful *Terry* investigatory stop and detention, and that Deputy Shaffer possessed a reasonable concern for his safety and a reasonable suspicion that Rhone was dangerous and may gain access to a weapon. The jury found Rhone guilty of the charges and found that he "possess[ed] . . . a controlled substance with intent to deliver," that he displayed what "appeared to be a firearm" in the commission of a robbery, and that he "[owned or] possess[ed] . . . a firearm" as a previously convicted felon. Clerk's Papers (CP) at 206, 208, 210, 591. The trial court also found him to be a persistent offender and imposed a sentence of life without the possibility of parole.

Rhone appealed the trial court's denial of the motion to suppress. In 2007, this court affirmed the trial court's findings of fact and order denying Rhone's motion to suppress, holding that the search of the vehicle was a valid search incident to arrest because Deputy Shaffer arrested Rhone and the other occupants before the search. *State v. Rhone*, noted at 137 Wn. App. 1046, 2007 WL 831725 at *4 (2007).[5]

---

[5] Our Supreme Court accepted review of this court's decision of a jury voir dire issue on Rhone's direct appeal and affirmed this court's decision on that issue and affirmed his conviction. *State v. Rhone*, 168 Wn.2d 645, 658, 229 P.3d 752 (2010).

On January 14, 2013, Rhone filed a personal restraint petition, asserting that the vehicle search was unlawful under *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). Our Supreme Court granted the petition and on April 2, 2014, the court remanded the suppression order for reconsideration in light of *Gant* and *State v. Patton*, 167 Wn.2d 379, 219 P.3d 651 (2009).

On remand, the trial court adopted the 2005 findings and denied Rhone's motion to suppress because it concluded that the search was an investigative stop and detention under *Terry*. Rhone appeals.

## ANALYSIS

### I. LAW OF THE CASE

Rhone argues that the trial court on remand violated the law of the case doctrine when it ignored the legal rulings made by this court in his direct appeal. We agree.

The law of the case doctrine provides that once there is an appellate court ruling, its holding must be followed in all of the subsequent stages of the same litigation. *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). The doctrine "'seeks to promote finality and efficiency in the judicial process.'" *Schwab*, 163 Wn.2d at 672 (quoting *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005)). However, an appellate court may, at the instance of a party, review the propriety of an earlier decision of the appellate court in the same case. RAP 2.5(c)(2).

Neither Rhone nor the State advised the trial court on remand of this court's 2007 decision in *Rhone*, 2007 WL 831725. While a party generally waives the right to appeal an error unless

5

preserved at trial, because the State requests that we reconsider the 2007 decision under RAP 2.5(c)(2),[6] we exercise our discretion to reach this error. RAP 2.5(a).

On direct appeal of Rhone's convictions, we held that the search of the vehicle was a search incident to a valid arrest because Deputy Schaffer had probable cause to believe that the Camaro's occupants had been involved in at least a second degree assault or an attempted robbery. *Rhone*, 2007 WL 831725 at \*5. We further held that an objective person would believe that he or she was being detained indefinitely when they were removed from the vehicle at gunpoint, frisked, handcuffed, and placed in a police car. *Rhone*, 2007 WL 831725 at \*5.

The unchallenged findings of fact do not support the conclusion of law that Rhone was merely detained by Deputy Shaffer during a *Terry* investigatory stop. Because the 2005 facts were adopted by the trial court on remand and are verities on appeal,[7] our analysis is unaffected. Thus, we hold that the law of the case must be followed and we reiterate that the search of the vehicle was a search incident to arrest.

## II. VEHICLE SEARCH

### A. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence to determine whether substantial evidence supports the trial court's findings of fact and whether those findings, in turn, support the trial court's conclusions of law. *State v. Russell*, 180 Wn.2d 860, 866, 330 P.3d 151

---

[6] The appellate court may at the insistence of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would be best served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review. RAP 2.5(c)(2).

[7] *State v. Bonds*, 174 Wn. App. 553, 563, 299 P.3d 663 (2013).

(2014). Unchallenged findings of fact are verities on appeal. *State v. Bonds*, 174 Wn. App. 553, 563, 299 P.3d 663 (2013). Substantial evidence is evidence that is sufficient "'to persuade a fair-minded person of the truth of the stated premise.'" *Russell*, 180 Wn.2d at 866-67 (quoting *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009)). We review questions of law relating to the suppression of evidence de novo. *State v. Parris*, 163 Wn. App. 110, 116, 259 P.3d 331 (2011).

B. MOTION TO SUPPRESS

Rhone argues that the trial court erred in denying his motion to suppress the evidence obtained from the search of the vehicle because the search was conducted incident to arrest. We agree.

Generally, a search warrant is required unless one of the narrowly construed exceptions to the warrant requirement is met. *State v. Ladson*, 138 Wn.2d 343, 356, 979 P.2d 833 (1999). The scope of a vehicle search incident to arrest must be narrowly tailored to increase officer safety and decrease the risk of destruction of evidence of the crime. *State v. Valdez*, 167 Wn.2d 761, 769, 224 P.3d 751, 755 (2009).

In *Gant*, the United States Supreme Court held that a warrantless automobile search incident to arrest of a recent occupant of the vehicle is proper under the Fourth Amendment to the United States Constitution only when (1) the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search or (2) it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle. 556 U.S. at 332. In *Patton*, our Supreme Court held that under the first of these exceptions, an automobile search incident to arrest is justified only if the arrestee is within reaching distance of the passenger compartment at the time of the search, and the search is necessary for officer safety or to secure evidence of the crime of

arrest that could be concealed or destroyed. 167 Wn.2d at 383. However, in *State v. Snapp* our Supreme Court held that the second of these exceptions is not permissible under article I, section 7 of the Washington Constitution. 174 Wn.2d 177, 181, 275 P.3d 289 (2012).

Thus, a vehicle search incident to a recent occupant's arrest is not authorized in Washington after the arrestee has been secured and cannot access the interior of the vehicle. *Snapp*, 174 Wn.2d at 188. To hold otherwise would "'untether the [vehicle search incident to arrest] rule from the justifications underlying . . . the exception.'" *Snapp*, 174 Wn.2d at 188 (alteration in original) (quoting *Gant*, 556 U.S. at 343). "'[T]he search of a vehicle incident to the arrest of a recent occupant is unlawful absent a reasonable basis to believe that the arrestee poses a safety risk or that the vehicle contains evidence of the crime of arrest that could be concealed or destroyed, and that these concerns exist at the time of the search.'" *Snapp*, 174 Wn.2d at 189 (quoting *Patton*, 167 Wn.2d at 394-95).[8]

As discussed above, the search of the vehicle was a search incident to arrest because Rhone was handcuffed and detained in a patrol car at the time of the search. However under *Gant* and *Patton*, the search of the vehicle was not lawful because Rhone had been secured, he could not access the interior of the vehicle, he posed no safety risk, and the vehicle contained no evidence that could be concealed or destroyed. 556 U.S. at 332; 167 Wn.2d at 383.

---

[8] The State cites *State v. Chang*, 147 Wn. App. 490, 496, 195 P.3d 1008 (2008), to support its position that an officer is permitted to conduct a vehicle sweep for weapons. But *Chang* was decided before *Gant*, 556 U.S. 332, *Patton*, 167 Wn.2d at 386, and *Snapp*, 174 Wn.2d 177. Therefore, the *Chang* holding no longer applies.

C. HARMLESS ERROR

The State argues that any failure to suppress the evidence here is harmless because Rhone's 2005 conviction does not depend on proof that he used an actual firearm. We disagree that the failure to suppress evidence is harmless with respect to his convictions for possession of a controlled substance and possession of a firearm but agree that any failure to suppress the evidence is harmless with respect to Rhone's conviction for first degree robbery with a firearm enhancement.

Constitutional errors may be so insignificant as to be harmless. *State v. Coristine*, 177 Wn.2d 370, 380, 300 P.3d 400 (2013). A constitutional error is harmless if the appellate court is assured beyond a reasonable doubt that the jury verdict cannot be attributed to the error. *State v. Lui*, 179 Wn.2d 457, 495, 315 P.3d 493, *cert. denied*, 134 S. Ct. 2842 (2014). Constitutional error is presumed to be prejudicial and the State bears the burden of proving that the error was harmless. *Coristine*, 177 Wn.2d at 380. This court uses the "'overwhelming untainted evidence'" test in its harmless error analysis. *Coristine*, 177 Wn.2d at 391 (quoting *State v. Guloy*, 104 Wn.2d 412, 425-26, 705 P.2d 1182 (1985)). The State must show that the error was not plausibly relevant to the verdict and that the error could not plausibly have been the cause of a guilty verdict from an honest, fair-minded, and reasonable jury. *Coristine*, 177 Wn.2d at 393.

1. Possession of a Controlled Substance with Intent to Deliver

The jury instructions required the jury to find that Rhone possessed a controlled substance with the intent to deliver. Because the unchallenged findings of fact do not contain any independent indication that Rhone was in possession of suspected cocaine beyond the evidence recovered in the search, the State fails to establish that the untainted evidence can support a finding

that Rhone possessed cocaine with the intent to deliver. Therefore, we hold that the trial court's error was not harmless for this conviction.

2. Unlawful Possession of a Firearm[9]

The jury instructions required that the jury find that Rhone had previously been convicted of a felony and knowingly owned or had actual or constructive possession of a firearm. Again, because the unchallenged findings of fact include only Miller's statement that the front seat passenger pointed a gun at him when the Camaro proceeded through the drive through and Burg's statement that there was a gun in the car, the State fails to establish that the untainted evidence can support the finding that Rhone possessed an actual firearm. Therefore, we hold that the trial court's error was not harmless for this conviction.

3. First Degree Robbery with a Firearm Enhancement[10]

The jury instructions required the jury to find only that Rhone displayed what appeared to be a firearm in order to convict for first degree robbery, not that he possessed an actual firearm. The unchallenged findings of fact include Miller's statement that the front seat passenger pointed a gun at him when the Camaro proceeded through the drive through, Burg's statements that there was a gun in the car and that they had just returned from the Jack in the Box, and that Rhone exited

---

[9] The State argues that Rhone has failed to perfect the record because he did not challenge the conviction for unlawful possession of a firearm in his direct appeal. However, this appeal is a direct appeal of the suppression hearing on remand and the procedural posture of the case has changed.

[10] The State argues that Rhone lacked standing to challenge the search as to the conviction for first degree robbery with a firearm enhancement. However, this argument need not be addressed, as we agree with the State that evidence that Rhone possessed an actual firearm is not necessary for the jury to have found that Rhone displayed what appeared to be a firearm.

from the passenger door of the vehicle. The State meets its burden and establishes that the untainted evidence necessarily supports a finding that Rhone displayed what appeared to be a firearm. Thus, the admission of the weapon is harmless error as it relates to Rhone's conviction for first degree robbery with a firearm enhancement.

## III. STATEMENT OF ADDITIONAL GROUNDS (SAG)

In his SAG, Rhone claims that (1) the trial court on remand did not rule consistently with *Gant* and *Patton* and thus, the trial court abused its discretion, demonstrated bias, violated the appearance of fairness doctrine, and violated his due process[11] and equal protection[12] rights and (2) the State should be judicially estopped from taking an inconsistent position when they conceded to the Washington Supreme Court in his direct appeal that the stop was a *Terry* stop.[13]

### A. APPEARANCE OF FAIRNESS

"'Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent and disinterested observer would conclude that all parties obtained a fair, impartial, and neutral hearing.'" *State v. Bilal*, 77 Wn. App. 720, 722, 893 P.2d 674 (1995) (quoting former CJC 3(C)(1) (1988)). But our Supreme Court has held that this doctrine does not implicate constitutional rights. *State v. Tolias*, 135 Wn.2d 133, 140, 954 P.2d 907 (1998); see also

---

[11] No state shall make or enforce any law which shall deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV.

[12] No state shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV.

[13] Rhone also claims that the trial court abused its discretion by not suppressing all evidence seized in a warrantless automobile search by Deputy Shaffer and in failing to follow the directions from our Supreme Court on remand. These claims are analyzed above.

*State v. Morgensen*, 148 Wn. App. 81, 91, 197 P.3d 715 (2008) (applying waiver to defendant's appearance of fairness claim); *City of Bellevue v. King County Boundary Review Bd.*, 90 Wn.2d 856, 863, 586 P.2d 470 (1978) ("Our appearance of fairness doctrine, though related to concerns dealing with due process considerations, is not constitutionally based."). Consequentially, Rhone waived this claim under RAP 2.5(a)[14] by failing to raise it with the trial court.

B. JUDICIAL ESTOPPEL

Judicial estoppel prevents a party from taking inconsistent factual positions from one proceeding to the next but does not preclude inconsistent legal positions. *State v. Sweany*, 162 Wn. App. 223, 228-29, 256 P.3d 1230 (2011). The State has maintained its factual position throughout the proceedings and Rhone assigns no error to the findings of fact. Judicial estoppel does not preclude the State on remand from arguing a different conclusion since the law has been clarified since Rhone's direct appeal, the trial court entered new findings of fact and conclusions of law, and the procedural posture of the case has changed.

## CONCLUSION

We hold that the trial court erred in denying the motion to suppress the evidence obtained in a search incident to arrest and that the motion to suppress should have been granted under *Gant* and *Patton*. We hold that the error is harmless as to Rhone's conviction for first degree robbery with a firearm enhancement, but we hold that the error is not harmless as to Rhone's convictions for possession of a controlled substance and possession of a firearm. We affirm Rhone's conviction for first degree robbery with a firearm enhancement, vacate his convictions for

---

[14] The appellate court may refuse to review any claim of error which was not raised in the trial court, with few exceptions, including manifest errors affecting a constitutional right. RAP 2.5(a).

46960-0-II

possession of a controlled substance and possession of a firearm, and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, J.

We concur:

Bjorgen, C.J.

Maxa, J.

13