2016 DEC 12 PM 9: 00

COURT OF APPEALS DIV 1
STATE OF WASHINGTON

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Dependency of<br><br>S.J.A.G.V.<br>DOB: 10/14/2013<br><br>J.A.H.<br>DOB: 6/12/2007<br><br>J.A.H J.<br>DOB: 12/28/2003<br><br>J.S.C.J.<br>DOB: 12/7/2001 | No. 74150-1-I<br>(consolidated with Nos.<br>74153-5-I, 74152-7-I, and<br>74151-9-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |
| STATE OF WASHINGTON,<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES,<br><br>Respondent,<br><br>v.<br><br>CYNTHIA MICHELLE VAUGHN,<br><br>Appellant. | FILED: December 12, 2016 |

APPELWICK, J. — The trial court terminated the parent-child relationship between Vaughn and her four children. Vaughn argues that the trial court violated the appearance of fairness doctrine by assisting the State at trial. She also argues that she received ineffective assistance of counsel when her attorney

failed to object to the admission of evidence that impeached Vaughn's testimony. We affirm.

## FACTS

The State sought termination of the parent-child relationship between Cynthia Vaughn and her children. Vaughn had long struggled with drug and alcohol abuse. At the time of the hearing in August 2015, Vaughn had three separate pending theft charges. Vaughn was also residing with a convicted sex offender. The trial court found that she had not been playing a meaningful role in the lives of her four children, who had not lived with her since 2013. It terminated Vaughn's parent-child relationships, citing her "substance abuse, child neglect, and bad choice of partners." Vaughn appeals.

## DISCUSSION

Vaughn makes two arguments. First, she argues that the trial court violated the appearance of fairness doctrine by sua sponte reviewing her declaration regarding a protection order. Second, she argues that she received ineffective assistance of counsel when her attorney failed to object to the admissibility of a drug and alcohol evaluation at trial.

I. <u>Appearance of Fairness</u>

Vaughn argues that the trial court's actions violated the appearance of fairness doctrine. Specifically, Vaughn points to the judge's sua sponte pursuit of relevant evidence and proposal of theories of admission of evidence.

Due process, the appearance of fairness doctrine and canon 2.1(A) of the Code of Judicial Conduct require a judge to recuse herself if her impartiality may reasonably be questioned. West v. Wash. Ass'n of County Officials, 162 Wn. App. 120, 136-37 & n.12, 252 P.3d 406 (2011). Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent, disinterested observer would conclude that all parties obtained a fair, impartial, and neutral hearing. State v. Bilal, 77 Wn. App. 720, 722, 893 P.2d 674 (1999). The law goes farther than requiring an impartial judge; it also requires that the judge appear impartial. State v. Madry, 8 Wn. App. 61, 70, 504 P.2d 1156 (1972).

Vaughn argues that the trial judge violated the appearance of fairness by referencing documents related to a protection order entered against Vaughn in another case. Vaughn's husband, Davelle Bridges, sought that protection order against Vaughn in November 2014. The petition alleged that Vaughn had threatened and had stolen from Bridges to support her heroin addiction. The State had successfully moved to admit both the petition for the protection order and the order itself. During testimony, the State asked Vaughn whether the protection order remained in place. Vaughn had filed a motion to modify that protection order in January 2015, but she was uncertain as to the result of that motion. However, she testified that Bridges had told her that he had removed the protection order.

3

In an effort to clarify whether Bridges had removed the protection order, the trial judge, sua sponte, reviewed the docket pertaining to the protection order. Contrary to Bridges's representations to Vaughn, the protection order was still in place. The trial judge also found Vaughn's January 2015 declaration in support of her motion to modify the protection order. Vaughn's declaration contested Bridges' version of events. In explaining why he sought the declaration, the trial judge stated,

> [W]hat's missing—and I had just printed—was the—the portion that has the clearer foundation, and that was Ms. Vaughn's response, her motion to modify filed in January in which she sets out her position and makes her own statements about what was alleged and what her—what she believed the situation was. That's the— the clearest foundation, but it's—it's in the—in the really matters of most interest and the most lacking and the hearsay problems [sic].

The trial court then read the declaration aloud. Like Vaughn's testimony, Vaughn's declaration alleged that the protection order " 'was entered under false accusations' " by Bridges.

The declaration corroborated Vaughn. But, Vaughn nevertheless objected to the court's sua sponte actions. In response to the objection, the court stated,

> I don't know who assist—who is assisting or isn't. What I want to do is find out what is going on with the family and all the people involved. And, when I was given the cause number for the protection order case and the representation was made that—that Mr. Bridges had sought its recall, I checked on the court file in order to—to ascertain whether that was okay or if there might be a potential problem upon going [inaudible] two of them, And what I found was no recall order, but the—this petition to modify, I guess, that Ms. Vaughn filed, but in January, and then nothing since then? Nothing's happened since January, I guess?

(Emphasis added.) After Vaughn objected, the court did not read any more pleadings from the protection order docket, and the declaration was never admitted as an exhibit.

There is no indication that it reviewed the docket for the purpose of fact-checking Vaughn. Indeed, Vaughn made no firm statement regarding the status of the protection order.[1] Thus, any investigation of the protection order docket could not have resulted in a contradiction of Vaughn's testimony. The trial judge's actions were an effort to verify whether Bridges's statement to Vaughn, that the order had been quashed, was true. We find no error in verifying the continued existence of the order.

The trial judge also found and read Vaughn's declaration in that file. He observed that Vaughn's declaration had the "best foundation" and the least hearsay issues, presumably compared to the petition and order already admitted. When this comment raised concerns, the information was read to both parties. When Vaughn objected, the evidence was not admitted. The file review terminated. Neither a motion for recusal or mistrial was made. And, Vaughn does not suggest the trial court relied on the declaration's content or that the content affected the outcome of the proceeding.

Vaughn seeks to equate this case to State v. Ra, 144 Wn. App. 688, 175 P.3d 609 (2008). The court found "inappropriate the trial court's proposal of

---

[1] Vaughn only stated that Bridges had told her the protection order had been quashed. She did not claim to have actual knowledge about whether the order was quashed or not.

theories for the State to use in admitting improper ER 404(b) evidence." Id. at 705. However, the court ultimately reversed on other evidentiary grounds, and as a result did not directly consider "whether the trial court's violation of the appearance of impartiality alone would warrant reversal." Id.

Even so, this case is distinct from Ra in two key areas. First, the Ra trial court's statements unquestionably favored the prosecution. Id. But, in the instant case, the trial court's actions did not appear to substantively favor either party's position. And, the declaration that the trial court read into the record actually bolstered Vaughn's credibility by echoing her past testimony. Second, the holding in Ra was in the context of numerous other statements by the trial judge that evinced disdain for the defendant. Id. The trial court in Ra stated that the defendant was a " 'distorted character who lives and breeds violently.' " Id. At one point, the prosecution stated, " 'I think it is accurate that the reason he shot [the victim] was to elevate his status among his peers,' " to which the court responded in agreement: " '[b]ravado, distorted importance.' " Id. at 696.

But, in Vaughn's case, the court made only an isolated statement suggesting that the declaration—which was not clearly prejudicial to either side— had less hearsay problems than the pleadings offered by the prosecution. It arose in the context of verifying the continued existence of the protective order. And, the substance of that declaration ultimately showed that Vaughn had been consistent in her testimony pertaining to both the protection order and the termination. The record reflects no actual or apparent bias against Vaughn. An

objective viewer would not question the trial court's impartiality. The trial court's actions did not violate the appearance of fairness doctrine nor Vaughn's due process rights.

II.   Ineffective Assistance of Counsel

Vaughn also argues that she received ineffective assistance of counsel at trial. A parent's right to counsel in termination proceedings is derived from the constitutional guarantees of due process under the Fourteenth Amendment of the United States Constitution and article 1, section 3 of the Washington Constitution. In re Welfare of J.M., 130 Wn. App. 912, 921, 125 P.3d 245 (2005). Whether a proceeding satisfies due process is a question that we review de novo. In re Det. of Fair, 167 Wn.2d 357, 362, 219 P.3d 89 (2009).

To show ineffective assistance of counsel, Vaughn must show deficient performance and resulting prejudice. State v. Turner, 143 Wn.2d 715, 730, 23 P.3d 499 (2001). A deficient performance falls below an objective standard of reasonableness based on consideration of all of the circumstances. State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). Scrutiny of counsel's performance is highly deferential and courts will indulge in a strong presumption of reasonableness. Id. at 226. Only in "egregious circumstances," on testimony central to the State's case, will the failure to object constitute incompetence justifying reversal. State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989). Relatedly, where a claim of ineffective assistance of counsel rests on trial counsel's failure to object, a party must show that an objection would likely

7

have been sustained. State v. Fortun-Cebada, 158 Wn. App. 158, 172, 241 P.3d 800 (2010).

Vaughn argues that her counsel should have objected to the admission of a drug and alcohol evaluation that contradicted her testimony about her most recent heroin usage. The evaluation had three primary components. It contained (1) a diagnosis, (2) a summary of relevant personal history based on statements made by Vaughn to the counselor at the treatment facility, and (3) the counselor's subjective impressions and recommendations. Vaughn argues that such evidence is clearly hearsay, and it was therefore deficient for Vaughn's attorney not to object. Vaughn further argues that the evaluation was not admissible under the business records exception to the prohibition on hearsay. Both the statements by Vaughn and the document containing them must be nonhearsay or qualify for a hearsay exception to be admissible. ER 805.

A statement in which the party has manifested an adoption or belief in its truth is exempt from exclusion as hearsay as a party admission. ER 801(d)(2). Vaughn made the statement about her last usage to the counselor, and it therefore qualifies as a party admission and was admissible.

Documents qualify for the business records hearsay exception when they are created in the ordinary course of business and there is no evidence of motive to falsify. State v. Ziegler, 114 Wn.2d 533, 537-38, 789 P.2d 79 (1990); RCW 5.45.020. Here, a representative of the treatment organization testified that with respect to patients' statements about past use, "we write down what the client

says during that interview." She also testified that the evaluation was created and maintained in the ordinary course of business.

Vaughn argues that the entire document is not admissible as a business record because it contained the counselor's "subjective impressions and observations and applies her training, skill, and discretion to make recommendations about treatment." But, the portion of the document that contained the statement about Vaughn's last drug usage was not in the subjective assessment section of the document. Rather, the "last usage" evidence that prejudiced Vaughn was within the "Substance Abuse and Treatment History" section. And, in that section, the counselor gave an objective summary of what Vaughn had told her. This section gave no subjective analysis of Vaughn's addiction problems. Therefore, the patient history portion of the evaluation, including the statement regarding last usage, qualified as a business record exempt from the prohibition on hearsay. The subjective assessment section appearing later in the document would have been subject to redaction if requested, but would not have prevented the history portion of the business record from being admitted. Vaughn's attorney did not perform deficiently by failing to object to its admission.

Because we have determined that the portions of the evaluation pertaining to last usage were admissible, we need not address whether counsel's performance prejudiced Vaughn. State v. Fredrick, 45 Wn. App. 916, 923, 729 P.2d 56 (1986) ("The reviewing court need not address both prongs of the tests if

9

the defendant makes an insufficient showing on one prong."). We hold that Vaughn did not receive ineffective assistance of counsel.

Affirmed.

WE CONCUR: